J-A06022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT PAYNE | : | |
| | : | |
| Appellant | : | No. 468 WDA 2020 |

Appeal from the PCRA Order Entered February 20, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007237-2004

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  May 28, 2021**

Robert Payne appeals from the order, entered in the Court of Common Pleas of Allegheny County, denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The underlying facts and procedural history of this case are undisputed. On October 26, 2006, following a jury trial, Judge Donna Jo McDaniel sentenced Payne to an aggregate term of 16-40 years' imprisonment in connection with several sexual offenses involving an 11-year-old child.  Payne timely appealed to this Court, but the appeal was discontinued upon his request on May 24, 2007.  Thereafter, Payne timely filed a PCRA petition alleging trial counsel's ineffectiveness.  The PCRA court dismissed the petition on July 31, 2009.  We affirmed the PCRA court's order on September 13, 2010. ***See Commonwealth v. Payne***, 1499 WDA 2009 (Pa. Super. filed Sept. 13,

2010) (unpublished memorandum decision). Six years later, on August 15, 2015, Payne filed his second PCRA petition, alleging trial counsel's ineffectiveness and the illegality of his sentence. The PCRA court dismissed the petition as untimely on July 13, 2016. We affirmed that decision on June 14, 2017, after rejecting Payne's argument that his second petition was timely under **Alleyne v. United States**[1] in light of **Montgomery v. Louisiana**.[2] **See Commonwealth v. Payne**, 1132 WDA 2016 (Pa. Super. filed June 14, 2017) (unpublished memorandum decision) at 4 (**Alleyne** does not apply retroactively to matters pending on collateral review; nothing in **Montgomery** supports otherwise); **see also** 42 Pa.C.S.A. §§ 9545(b)(1)(iii) (exception to PCRA time-bar where constitutional right asserted was held by Pennsylvania or United States Supreme Court to apply retroactively).

On December 4, 2017, Payne filed a *pro se* PCRA petition—his third request for post-conviction relief. On March 29, 2018, the PCRA court dismissed the petition as untimely. Although Payne filed a *pro se* notice of appeal, he subsequently filed a request to discontinue the appeal, which this Court granted on March 14, 2019. On March 27, 2019, Payne filed the instant

---

[1] **See Alleyne v. United States**, 570 U.S. 99 (2013) (holding jury must find any fact increasing a mandatory minimum sentence beyond a reasonable doubt).

[2] **See Montgomery v. Louisiana**, 577 U.S. 190 (2016) (Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012), prohibiting mandatory life sentences without parole for juvenile offenders under Eighth Amendment, announced new substantive constitutional rule retroactive on state collateral review).

*pro se* PCRA petition—his fourth—in which he sought to invoke the newly-discovered fact exception to overcome the PCRA's time-bar. The PCRA court appointed Rob Perkins, Esquire, to represent Payne. On August 23, 2019, Attorney Perkins filed a motion to withdraw and accompanying **Turner**/**Finley**[3] "no-merit" letter. The PCRA court granted counsel permission to withdraw on September 26, 2019. On November 20, 2019, the PCRA court dismissed Payne's petition as untimely. Payne appealed *pro se*, raising the following issues for our review:

1. Did the [trial or PCRA] court [and/or] the district attorney['s], denial of access to the records violate their obligation under the [] Fourteenth Amendment [to the United States] Constitution[] and [] Article [I] Section 9 of [the] Pennsylvania Constitution?

2. Did [Payne]'s abandonment [by] all counsels violate[ his] substantial [sic] right to direct[]appeal by all counsels['] failure to protect, present, and preserve[] his substantial [sic] constitutional right under both [the] federal United States and Pennsylvania [D]ue [P]rocess [Clauses], and Pennsylvania Article V[,] Section 9[,] when counsels withdr[e]w their notice[s] of appeal without preserving [Payne']s direct[]appeal rights *nunc pro tunc* in violation of their obligation under the United States Sixth and Fourteenth Amendment[s to the] Constitution, and Pennsylvania Article [I, Section 9 and [Article] V, [S]ection 9 of the Pennsylvania Constitution?

3. Did layered abandonment [by] all counsels of record create[] and cause[] absolute prejudice to [Payne]'s absolute right to effective assistance of counsel[] protected to him [sic] by the United States Sixth and Fourteenth Amendment [to the] Constitution[] and Pennsylvania Article [I, Section 9 and [Article] V[, S]ection 9 of [the] Pennsylvania [Constitution], when [Payne] suffered abandonment of his due process rights

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

to fair court proceedings, to fair appellate review proceedings, and all counsels['] failure to file ineffectiveness [claims] against each other[,] [sic] as counsel of record abandoned his request to file [claims that] prior counsels had failed to protect, present, and preserve his protected right to due process and equal protection of his procedural criminal rules of the court?

4. Did [Payne]'s newly-discovered facts[] while his PCRA was pending under the recent[] decision of the **McCoy v. Louisia**[**na**][4], ineffective assistance of counsel change in the law appl[y to Payne] and entitle[] him [to] one of the exception[s] to the timeliness requirement of the [PCRA] pursuant to . . . [section] 9545(b)[(1)-(2)], and did the trial court judge lack[] subject matter jurisdiction [to] sentence [Payne] when [the] trial court judge sentenced [Payne] to a lifetime registration under [the Sex Offender Registration and Notification Act,[5]] SORNA[,] pursuant to [sections] 9542[ and] 9543(a)(2)(viii), [] which entitle[ Payne] to the exception to the PCRA timeliness requirement under [section] 9543(a)(2)(vii)[]?

5. Did [the PCRA] court err by granting [Attorney] Perkins[' motion to withdraw] when he stated that [Payne]'s newly[-]discovered evidence/newly[-]discovered facts could have been ascertain[ed] through [] due diligence as early as January[] 2017[] by way of [a] Pittsburgh Post Gazette newspaper[ article?]

6. [Did the PCRA court err in finding that the Pittsburgh Post Gazette newspaper article was a source that Payne could have used to exercise due diligence to discover that his trial judge was biased against the sexual assault charges he was convicted

---

[4] **See McCoy v. Louisiana**, 138 S. Ct. 1500 (2018) (holding defendant had right under Sixth Amendment to insist prior counsel refrain from admitting, during capital trial, that defendant committed three murders, even though counsel reasonably believed that admitting guilt afforded defendant best chance to avoid death sentence). Although Payne refers to **McCoy v. Louisiana** in his statement of issues presented, his argument section discusses only **Montgomery v. Louisiana**, **supra**. **See** Brief of Appellant, Appendix, C at 11-12.

[5] **See** 42 Pa.C.S.A. §§ 9799.10 et seq.

of?[6]]

7. Did [the PCRA] court err in dismissing [Payne]'s PCRA [petition s]tating [his] newly[-] discovered fact didn't have [] merit when it is a fact that his trial judge[, Judge] Donna Jo McDaniel[,] was found to be bias[ed] against sexual offenders and was removed from the bench on a sexual offender's case[?]

Brief of Appellant, Appendix C, at 1-4.[7]

Before discussing the merits of those issues, however, we must first determine whether Payne's serial petition for post-conviction relief was timely filed. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) ("[The PCRA] time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition."). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[8] A PCRA petition invoking one of these

_____

[6] Due to a printing error, this issue is nearly illegible in Payne's appellate brief, but the language has been reproduced as accurately as possible.

[7] The statement of questions involved, summary of argument, and argument section of Payne's appellate brief are located in "Appendix C." *See generally* Brief of Appellant.

[8] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the

*(Footnote Continued Next Page)*

statutory exceptions "must be filed within sixty days of the date the claim could first have been presented." *See Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[9] Under the PCRA, a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A § 9545(b)(3). Direct review of Payne's judgment of sentence concluded on May 24, 2007, when Payne discontinued his appeal to this Court. His instant petition, filed over 11 years later, is patently untimely, unless he has satisfied his burden of

_____

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[9] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. *Id.* at § 3. In this case, Payne's claim arises from the alleged bias of the trial court judge against him as of October 26, 2006. Therefore, the sixty-day deadline applies.

pleading and proving that an enumerated exception applies. **See Hernandez**, **supra**.

Here, Payne asserts that his petition is timely under the newly-discovered facts exception, codified at 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) [those facts] could not have been ascertained by the exercise of due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007); 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence requires a petitioner to take reasonable efforts to uncover facts that may support a claim for collateral relief. **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa. Super. 2015) (en banc). A petitioner must explain why he could not have learned the new fact(s) earlier by exercising due diligence. **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001). Additionally, the focus of this exception is on the newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts. **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008).

In his attempt to invoke the newly-discovered fact exception, Payne avers that, in December of 2018, he learned of Judge McDaniel's alleged bias against sex offenders in a "Law Weekly," *i.e.*, Legal Intelligencer, article titled "Court Removes Pittsburgh Judge From Case, Citing 'Bias,'" dated November 29, 2018. **Id.** at 8; **see also** No-Merit Letter, 8/23/19, at 4. Payne also faults Attorney Perkins for undermining his claim by expressing in his **Turner**/**Finley**

"no-merit" letter that, "[h]ad Payne exercised due diligence . . . he would have discovered news articles documenting Judge McDaniel's bias towards other convicted sex offenders dating back to January 2017." *See* No-Merit Letter, 8/23/19, at 4; Brief of Appellant, Appendix C, at 8.

Regardless of whether Payne exercised due diligence in discovering the article, however, our Supreme Court explained in *Commonwealth v. Brown*, 141 A.3d 491, 502 (Pa. Super. 2016), that newspaper articles themselves are insufficient to establish the newly-discovered fact exception to the PCRA's timeliness requirement.

> Our Supreme Court addressed a situation like the one in the case *sub judice* in *Commonwealth v. Castro*, 93 A.3d 818 (Pa. 2014). In *Castro*, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the PCRA's timeliness requirement. Our Supreme Court held that a **newspaper** "**article** contain[ed] **allegations** that **suggest such evidence *may* exist, but allegations in the media**, whether true or false, **are no more evidence than allegations in any other out-of-court situation**." *Id.* at 825.
>
> In . . . *Castro* . . . [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. *See id.* at 827. Thus, **there [wa]s no fact within the [article], only information which could lead Appellant to discover facts**.[10]

*Brown*, *supra* at 502 (emphasis added) (holding affidavit from individual stating that he heard police officer confess to murder did not constitute newly-discovered fact) (emphasis added); *citing Castro*, *supra* (reversing Superior

_____

[10] Since Payne "offered nothing to support his [petition] except the article, the court was required to speculate on what evidence he would be able to present at a hearing." *See Commonwealth v. Castro*, *supra* at 823.

Court order granting hearing based on after-discovered evidence because newspaper article, submitted as sole support for motion for new trial on that basis, "do[es] not constitute evidence").

Because Payne has failed to plead and prove an exception to the PCRA's time bar, he is entitled to no relief. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. Super. 1999) (court has no jurisdiction to consider untimely petition for relief). We, therefore, affirm the PCRA court's order dismissing Payne's serial PCRA petition.

To the extent that Payne attempts to argue that his sentence is illegal pursuant to **Alleyne**, **supra** in light of **Montgomery**, **supra**, we note that this claim would entitle Payne to no relief, as it was previously litigated by this Court. **See** Brief of Appellant, Appendix C, at 5-6, 11; **see also Payne**, 1132 WDA 2016 (Pa. Super. filed June 14, 2017) (unpublished memorandum decision); 42 Pa.C.S.A. §§ 9543(a)(3) (no eligibility for PCRA relief if allegation of error has been previously litigated).[11]

Order affirmed.

---

[11] Payne also attempts to invoke the after-recognized constitutional right exception under section 9545(b)(1)(iii) by arguing that his lifetime sexual offender registration requirement is unconstitutional pursuant to **Commonwealth v. Muniz**, 164 A.2d 1189 (Pa. 2017). We note briefly that Payne's "reliance on **Muniz** cannot satisfy the [timeliness] exception of [the PCRA]." **See Commonwealth v. Hromek**, 232 A.3d 881, 885 (Pa. Super. 2020). "Because Appellant's PCRA petition is untimely, . . . he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively[, but] no such holding has been issued)." **Id.** at 886.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/2021