J-S55021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK DEWIGHT DAWSON | : | |
| | : | |
| Appellant | : | No. 1738 WDA 2019 |

Appeal from the PCRA Order Entered November 18, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002038-2011,
CP-07-CR-0002042-2011, CP-07-CR-0002044-2011

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED: JULY 20, 2021**

Derrick Dewight Dawson (Appellant) appeals *pro se* from the order[1] entered in the Blair County Court of Common Pleas dismissing, as untimely, his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[2] Appellant seeks relief from the judgment of sentence imposed following his jury convictions of, *inter alia*, possession with intent to deliver[3] (PWID) controlled substances in three separate dockets, which were tried together.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the order on appeal was dated November 8, 2019, it was not entered on the docket until November 18, 2019.  Thus, we have corrected the caption to reflect the date it was docketed.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 35 P.S. § 780-113(a)(30).

He contends the PCRA court erred in summarily dismissing his petition as untimely without first conducting a hearing on his claims of prosecutorial misconduct, the legality of his sentence, and the ineffective assistance of trial counsel. We affirm.

The relevant facts and procedural history underlying this appeal are as follows. In September of 2011, the Commonwealth filed charges against Appellant for three "buy/busts [of cocaine] involving confidential informant Michelle Knab" and a co-defendant who was tried separately. *Commonwealth v. Dawson*, 1025 WDA 2017 (unpub. memo. at 1) (Pa. Super. Oct. 22, 2018). These three cases — involving controlled buys that occurred on August 18, August 25, and September 21, 2011 — were tried together.[4] On April 11, 2012, following a jury trial, Appellant was convicted of the following charges: (1) at Trial Docket No. CP-07-CR-0002038-2011 (Docket 2038), PWID, criminal use of a communication facility,[5] and possession of a controlled substance;[6] (2) at Trial Docket No. CP-07-CR-0002042-2011 (Docket 2042), PWID, criminal use of a communication facility, and possession of a controlled substance; and (3) at Trial Docket No. CP-07-

---

[4] The Commonwealth also filed drug charges against Appellant in early 2012 in eight additional informations, but those cases were severed for trial. *Dawson*, 1025 WDA 2017 (unpub. memo. at 1).

[5] 18 Pa.C.S. § 7512(a).

[6] 35 P.S. § 780-113(a)(16).

CR-0002044-2011 (Docket 2044), two counts of PWID, and one count each of criminal use of a communication facility and possession of a controlled substance.[7] On July 13, 2012, Appellant was sentenced to an aggregate term of 33 to 66 years' imprisonment. He filed a timely direct appeal.

This Court affirmed the judgment of sentence on October 4, 2013, and the Pennsylvania Supreme Court denied Appellant's petition for *allocatur* review. **See Commonwealth v. Dawson**, 1268 WDA 2012 (unpub. memo.) (Pa. Super. Oct. 4, 2013), *appeal denied*, 536 WAL 2013 (Pa. Mar. 25, 2014). Thereafter, on May 28, 2014, Appellant filed a timely, counseled PCRA petition. The PCRA court denied relief on December 18, 2014, and Appellant did not appeal from that decision.

On July 14, 2015, Appellant filed a second PCRA petition, *pro se*. Counsel was appointed, and filed an amended petition on January 17, 2017. Following an evidentiary hearing, the PCRA court denied relief on June 13, 2017. This Court affirmed on appeal, concluding the petition was untimely filed and Appellant failed to establish one of the timeliness exceptions set forth at 42 Pa.C.S. § 9545(b)(2). **Dawson**, 1025 WDA 2017 (unpub. memo. at 8-11).

Appellant, acting *pro se*, filed the current PCRA petition, his third, on October 9, 2019. He alleged the Commonwealth withheld exculpatory evidence of "confidential informant(s), committing . . . crimes while working

_____

[7] At Dockets 2042 and 2044, the jury found Appellant not guilty of criminal conspiracy. **See** 18 Pa.C.S. 903(a)(2).

as . . . paid informant(s)." Appellant's Motion for Post Conviction Collateral Relief, 10/9/19, at 4. Moreover, Appellant asserted he "was made aware of this exculpatory evidence on August 16, 2019," by another inmate, Stephen Piner, housed at the same prison. *Id.* Appellant requested both an evidentiary hearing, and that the Commonwealth produce "any evidence p[er]taining to the Stephen and Kenny Pin[er] Investigation and Operation last call." *Id.* at 7.

On October 16th, the PCRA court issued notice of its intent to dismiss his petition as untimely pursuant to Pa.R.Crim.P. 907. The court explained that Appellant's petition was "facially untimely" and Appellant failed to plead one of the timing exceptions set forth at 42 Pa.C.S. § 9545(b)(1). Order, 10/16/19, at 1. Although the court acknowledged Appellant "vaguely" invoked the "newly discovered facts exception" — 42 Pa.C.S. § 9545(b)(1)(ii) — it concluded Appellant's "bald-faced allegations" did not establish his right to relief. *See id.* at 1-3.

Appellant filed a timely response, simply reiterating his claims that the "Commonwealth withheld discovery" prior to trial, and the court imposed an illegal sentence. *See* Appellant's Response to Notice of Intent to Dismiss Petition Without Hearing, 11/12/19, at 2. On November 18, 2019, the PCRA court entered an order dismissing the petition. This timely appeal follows.[8]

---

[8] We note that when this appeal first appeared before this panel, we quashed it as violative of ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018)

On November 25, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Although no concise statement appears in the certified record or on the docket, the PCRA court indicated in its January 8, 2020, opinion that it had received a concise statement from Appellant. *See* PCRA Ct. Op., 1/8/20, at 1 ("The court, **upon receipt** of [Appellant's] Concise Statement of Matters Complained of on Appeal provides that following opinion in support of affirmance of this court's order of November 18, 2019.") (emphasis added). Furthermore, Appellant attached to his reply brief a copy of his concise

_____

(failure to file separate notices of appeal from single order resolving issues on more than one docket will result in quashal).

Appellant originally filed a single notice of appeal, which listed all three underlying trial court dockets. *See* Appellant's Notice of Appeal, 11/25/19. On January 2, 2020, this Court directed Appellant to show cause why the appeal should not be quashed in light of *Walker*. In a *pro se* response, Appellant asserted that he had filed **three corrected** notices of appeal on December 8, 2019, prior to the expiration of the 30-day appeal period. Appellant's Response to January 2, 2020 Order to Show Cause, 1/16/20, at 1-2. However, because none of the corrected notices of appeal were included in the certified records, we rejected this claim, and quashed the appeal.

Appellant then moved for panel reconsideration, and attached to his petition copies of the corrected notices of appeal and a cash slip receipt indicating the corrected notices were submitted for mailing on December 12, 2019. *See Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing."). Because it appears Appellant complied with *Walker*, and filed separate notices of appeal before the expiration of the appeal period on December 18, 2019, we granted panel reconsideration and withdrew our prior memorandum decision. *See* Order, 5/27/21.

- 5 -

statement, as well as a certificate of service which indicated he mailed a copy to the court on December 13, 2019. *See* Appellant's Reply Brief at Exhibit A. Because Appellant's act of placing the document in the prison mail on December 13th would be timely pursuant to the prisoner mailbox rule, we will consider Appellant's Rule 1925(b) statement to have been timely filed. *See DiClaudio*, 210 A.3d at 1074 ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.").

Appellant raises the following eight issues on appeal:

1. The PCRA Court erred as a matter of law and/or abused its discretion in summarily dismissing [Appellant's] PCRA [petition] without a hearing as untimely filed and failing to meet the exceptions provisions of 42 Pa.C.S. § 9545(b)(1)(i) and/or § 9545(b)(1)(ii).

2. The PCRA Court erred as a matter of law and/or abused its discretion in summarily dismissing [Appellant's] PCRA [petition] without granting [Appellant] a reasonable opportunity to amend said PCRA to cure any actual or perceived defects.

3. The PCRA Court erred as a matter of law and/or abused its discretion in summarily dismissing [Appellant's] PCRA [petition] without a hearing despite [Appellant's] presentation of a meritorious claim that prosecutors violated the edicts of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, by failing to disclose and/or concealing exculpatory, impeachment and/or otherwise material documents, information and/or evidence relating to the investigation of one Stephen Piner and/or the Corner Bar, located in Altoona, Blair County, Pennsylvania.

4. The PCRA Court erred as a matter of law and/or abused its discretion in summarily dismissing [Appellant's] PCRA [petition] without a hearing despite [Appellant's] presentation of a meritorious claim that prosecutors violated the edicts of

***Brady v. Maryland***, 373 U.S. 83 (1963) and its progeny by failing to disclose and/or concealing exculpatory, impeachment and/or otherwise material documents, information and/or evidence relating to police information Robert Cherry being caught on a wire interception illegally purchasing drugs.

5. The PCRA Court erred as a matter of law and/or abused its discretion in summarily dismissing [Appellant's] PCRA [petition] without a hearing despite [Appellant's] presentation of a meritorious claim that prosecutors violated the edicts of ***Brady v. Maryland***, 373 U.S. 83 (1963) and its progeny by failing to disclose and/or concealing exculpatory, impeachment and/or otherwise material documents, information and/or evidence of the Thirty-Third Statewide Investigation Grand Jury Presentment No. 18.

6. The PCRA Court erred as a matter of law and/or abused its discretion in summarily dismissing [Appellant's] PCRA [petition] without a hearing despite [Appellant's] presentation of a meritorious claim that [Appellant] was denied his right to the effective assistance of counsel, as guaranteed by Article I § 9 of the Pennsylvania Constitution, as well as the [S]ixth and [F]ourteenth [A]mendments to the United States Constitution, where counsel failed to file a motion or object and/or otherwise challenge [Appellant's] sentences which exceeded the statutory maximum of 10 years set forth in 35 P.S. § 780-113(F)(1.1).

7. The PCRA Court erred as a matter of law and/or abused its discretion in summarily dismissing [Appellant's] PCRA [petition] without a hearing despite [Appellant's] presentation of a meritorious claim that [Appellant] was denied his right to the effective assistance of counsel, as guaranteed by Article I § 9 of the Pennsylvania Constitution, as well as the [S]ixth and [F]ourteenth [A]mendments to the United States Constitution, where counsel failed to file a motion challenging materially false statements as contained within the affidavits of probable cause as filed against [Appellant].

8. The PCRA Court erred as a matter of law and/or abused its discretion in summarily dismissing [Appellant's] PCRA [petition] without a hearing despite [Appellant's] presentation of a meritorious claim that [Appellant] was denied his right to the effective assistance of counsel, as guaranteed by Article I § 9 of the Pennsylvania Constitution, as well as the [S]ixth and

[F]ourteenth [A]mendments to the United States Constitution, where counsel failed to review discovery material and move for suppression of evidence based upon the aforesaid materially false statements as contained within the aforesaid affidavits of probable cause.

Appellant's Brief at 4-5.

Our standard of review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation omitted). Furthermore, "[i]t is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. ***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1028 (Pa. 2019). ***See also*** 42 Pa.C.S. § 9545(b)(1). This includes a non-waivable challenge to the legality of a petitioner's sentence. ***See Commonwealth v. Hromek***, 232 A.3d 881, 884 (Pa. Super. 2020) ("[W]hen a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review.") (citation omitted).

Here, Appellant's judgment of sentence was final on June 23, 2014 — 90 days after the Pennsylvania Supreme Court denied *allocatur* review of his direct appeal, and Appellant declined to petition the United States Supreme Court for a writ of *certiorari*. *See* 42 Pa.C.S. § 9545(b)(3) (for purpose of PCRA timeliness provisions, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . or at the expiration of time for seeking the review"); U.S. Sup. Ct. R. 13 ("[A] petition for a writ of certiorari to review a judgment in any case, . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Thus, his current petition, filed more than five years later, is facially untimely. *See* 42 Pa.C.S. § 9545(b)(1).

Nevertheless, an untimely petition may be considered if one of the three timeliness exceptions applies. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Presently, Appellant invokes both the governmental interference and the newly discovered facts exceptions set forth at Section 9545(b)(1)(i) and (ii). *See* Appellant's Motion for Post Conviction Collateral Relief, 10/9/19, at 3. The governmental interference exception provides relief if a petitioner proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i).

The proper question with respect to Subsection 9545(b)(1)(i)'s timeliness exception is "whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based."

*Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa. Super. 2019), *appeal denied*, 229 A.3d 565 (Pa. 2020). In order to obtain relief pursuant to the newly discovered facts exception, a petitioner must prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

Several of Appellant's claims focus on information he allegedly received from fellow inmate Stephen Piner on August 16, 2019. *See* Appellant's Brief at 10, 14, 16, 18. Appellant avers:

> [Appellant] was informed by . . . Piner that [Appellant] was involved in a drug investigation between 2010 and 2011 (hereinafter "Operation Last Call") that was being investigated by the Attorney General's Office, Altoona Police Department and the Drug Task Force for the distribution of crack cocaine in and around the Blair County/Altoona area. . . . Piner further explained [the police] were using various confidential informants (CI's) to conduct controlled buys from individuals associated with this organization[, and] that Rober[t] Cherry (Cherry) [and] Joan Strum (Strum) . . . were being used to make buys from [Appellant.] Piner provided a list of names that were being targeted by the APD, DTF and AG; [Appellant's] name was one of the names on that target list.
>
> . . . [Piner] turned over evidence of Cherry being caught on a wire interception making a non-controlled buy and not informing any of the agencies that he was working for as a CI.

*Id.* at 10-11. Appellant maintains the Commonwealth did not provide "full and complete discovery" and "withheld impeaching evidence concerning

- 10 -

Cherry, Strum and others." *Id.* at 14-15. He argues the Commonwealth committed a *Brady*[9] violation, when it failed to provide "this material evidence of CI Cherry making unauthorized buys and the possibility of him incurring additional charges." *Id.* at 16. Appellant avers Cherry was a "key witness in Mr. Piner's case as well as [his own] case[.]" *Id.*

We conclude Appellant's claim fails under either exception to the timing requirements. First, we note that, in its Rule 907 notice, the PCRA court alerted Appellant that it intended to deny his petition without a hearing because his claims lacked "any allegation of factually substantive issues." [Rule 907] Order, 10/16/19, at 2 (unpaginated). The court summarized: "[Appellant's] bald-faced allegations do not establish that any exception to the PCRA's jurisdictional time bar applies[.]" *Id.* at 3. Rather than provide the detailed factual recitation set forth above, Appellant, in his *pro se* response, simply averred "[t]he Commonwealth withheld discovery prior to [his] trial in violation of discovery rule[s]." Appellant's Response to Notice of Intent to Dismiss Petition Without Hearing, at 2. Thus, his failure to provide the PCRA court with a specific basis for relief waives his present claims on appeal.[10] *See*

---

[9] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

[10] We also summarily reject Appellant's claim that the PCRA did not provide Appellant with the opportunity to amend his petition. *See* Appellant's Brief at 12. Appellant had the opportunity to respond to the court's Rule 907 notice,

- 11 -

Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Moreover, even if we consider the factual averments set forth in Appellant's brief, we conclude Appellant has failed to demonstrate his entitlement to relief. Appellant's claim focuses on the purported "newly discovered fact" that Appellant was the subject of a joint drug investigation, and confidential informant **Cherry** allegedly made unauthorized purchases of drugs while working as an informant for the government. However, the charges in the present cases all involved controlled buys by informant **Michelle Knab**. *See* Docket 2038, Commonwealth's Criminal Complaint, 9/21/11, at 5 (Affidavit of Probable Cause); Docket 2042, Commonwealth's Criminal Complaint, 9/21/11, at 7 (Affidavit of Probable Cause); Commonwealth's Criminal Complaint, 9/21/11, at 7-8 (Affidavit of Probable Cause). Cherry was not involved in the present charges, nor did he testify as a witness at Appellant's trial. Appellant's convictions were based solely upon the testimony of Knab and the investigating officers, as well as wiretap surveillance of one purchase. *See Dawson*, 1025 WDA 2017, at 2-3 (summarizing trial testimony). Thus, pursuant to the governmental

---

but did not provide more detailed information, or request permission to amend his petition at that time. *See Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014) (while Pa.R.Crim.P. 905(A) authorizes a PCRA court to freely "grant leave to amend [a PCRA petition] at any time[,] that leave to amend must be sought and obtained" by the petitioner[;] amendments are not 'self-authorizing.'").

interference exception, Appellant cannot demonstrate the Commonwealth "interfered with [his] ability to present his claim" when the evidence the Commonwealth purportedly withheld had nothing to do with the present convictions. *See* 42 Pa.C.S. § 9545(b)(1)(i); *Chimenti*, 218 A.3d at 975.

Similarly, even if we were to conclude the information Appellant learned from Piner constituted newly discovered facts that Appellant could not have obtained earlier by the exercise of due diligence,[11] his claim would satisfy only the "newly discovered facts" timing exception set forth Section 9545(b)(1)(ii). In order to obtain relief, he would then have to present a substantive after-discovered evidence claim. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. 2015) ("Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim."). A claim of after-discovered evidence requires proof of "[t]he unavailability at the time of trial of exculpatory evidence that had subsequently become available and **would have changed the outcome of the trial if it had been introduced**." 42 Pa.C.S. § 9543(a)(2)(vi) (emphasis supplied). Here, as noted above, the evidence relating to informant Cherry is completely irrelevant to Appellant's convictions in the present cases. Thus, Appellant would be entitled to no relief even if he had overcome the timing requirement.

---

[11] We note Appellant does not address the concept of due diligence in his brief. Rather, he simply states he requested discovery from the Commonwealth, which indicated it had provided "full and complete discovery." Appellant's Brief at 11, 18.

Next, Appellant raises a challenge to the legality of his sentence. ***See*** Appellant's Brief at 20-21. Specifically, he asserts the maximum sentence of 14 years' imprisonment the court imposed on each of his convictions of PWID exceeds the statutory maximum of 10 years' imprisonment set forth at 35 P.S. § 780-113(f)(1.1) (maximum sentence for PWID of cocaine is 10 years' imprisonment). However, we reiterate that such claims are subject to the PCRA's jurisdictional limits. ***See Hromek***, 232 A.3d at 884. Because Appellant has not demonstrated the applicability of any timing exception with respect to this claim, he is entitled to no relief.[12]

Appellant's final two claims challenge trial counsel's failure to file a motion to suppress purportedly "intentional misstatement[s] of fact" in the affidavits of probable cause. ***See*** Appellant's Brief at 24, 26. However, the only issue presented in Appellant's *pro se* petition involved the Commonwealth's failure to provide "exculpatory evidence of confidential informant(s) committing . . . crimes while working as . . . paid informant[s]." Appellant's Motion for Post Conviction Collateral Relief, 10/9/19, at 4. Thus, Appellant's ineffectiveness claims are waived. ***See*** Pa.R.A.P. 302(a) ("Issues

---

[12] Furthermore, we note that pursuant to Section 780-115, a person convicted of a second or subsequent PWID offense "may be imprisoned for a term up to twice the term otherwise authorized[.]" 35 P.S. § 780-115. Although the court did not refer to this subsection during the sentencing hearing, Appellant's Pre-Sentence Investigation report revealed a prior conviction of PWID in 2007, and listed the maximum penalty permissible for each present PWID conviction as 20 years. ***See*** Appellant's Pre-Sentence Investigation, 5/14/12, at 1, 4A. Moreover, as the sentencing hearing, Appellant's counsel indicated they had reviewed the report and had "no additions or corrections." N.T., 7/13/12, at 1. Thus, we conclude Appellant's sentence was not illegal.

not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Because we agree with the PCRA court's determination that Appellant's present petition was untimely filed, and Appellant failed to prove the applicability of any of the PCRA's timing exceptions, we affirm the order denying relief.

Order affirmed.

Judge Colins joins the Memorandum.

Judge Bowes Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  07/20/2021