J-S03042-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN JOSEPH WALLACE, | : | |
| | : | |
| Appellant | : | No. 737 WDA 2020 |

Appeal from the PCRA Order Entered June 30, 2020
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011757-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN JOSEPH WALLACE, | : | |
| | : | |
| Appellant | : | No. 738 WDA 2020 |

Appeal from the PCRA Order Entered June 30, 2020
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011756-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN JOSEPH WALLACE, | : | |
| | : | |
| Appellant | : | No. 739 WDA 2020 |

Appeal from the PCRA Order Entered June 30, 2020
in the Court of Common Pleas of Allegheny County

J-S03042-21

Criminal Division at No(s): CP-02-CR-0003961-2003

BEFORE:    DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                **FILED: October 8, 2021**

Appellant, Stephen Joseph Wallace, appeals from the June 30, 2020 Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541–9546.[1]  With these appeals, Appellant's counsel has filed a Motion to Withdraw as Counsel and an **Anders**[2] Brief.[3]  After review, we affirm the dismissal of the Petition and grant counsel's Motion to Withdraw.

The factual background of the instant appeals is not at issue.  At Docket Number 11756-2002, the Commonwealth charged Appellant with one count

---

[1] On August 11, 2020, this Court consolidated *sua sponte* the above-numbered appeals.

[2] **Anders v. California**, 386 U.S. 738 (1967).  Although counsel has filed an **Anders** Brief, the proper mechanism when seeking to withdraw in PCRA proceedings is a **Turner**/**Finley** letter.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, because an **Anders** brief provides greater protection to a criminal appellant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** no-merit letter.  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

[3] On August 31, 2021, this Court denied counsel's Motion to Withdraw and directed counsel to send a copy of the no-merit letter, Motion to Withdraw, and **Anders** brief to Appellant with amended certificates demonstrating proper service on Appellant and the Commonwealth.  Counsel has complied. Appellant has not filed a response.  Accordingly, this case is now ready for our review.

* Retired Senior Judge assigned to the Superior Court.- 2 -

each of Indecent Assault and Unlawful Restraint-Risk of Serious Bodily Injury.[4]

At Docket Number 11757-2002, it charged Appellant with one count each of Rape-Forcible Compulsion, Statutory Sexual Assault, Indecent Assault-Without Consent of Complainant, and Intimidation of Witnesses or Victims; and two counts of Involuntary Deviate Sexual Intercourse-Forcible Compulsion.[5]  At Docket Number 3961-2003, it charged Appellant with one count each of Rape-Forcible Compulsion, Aggravated Indecent Assault, Indecent Assault-Without Consent of Complainant, and False Imprisonment.[6]

On January 13, 2004, Appellant entered negotiated guilty pleas to the aforementioned charges at the above dockets.  That same day, the trial court sentenced Appellant to an aggregate term of 7½ to 20 years' incarceration.[7]  By Order entered July 2, 2004, the court deemed Appellant to be a sexually violent predator ("SVP") subject to lifetime registration as a sex offender.

---

[4] 18 Pa.C.S. §§ 3126(a)(1), and 2902(a)(1), respectively.

[5] 18 Pa.C.S. §§ 3121(a)(1), 3122.1, 3126(a)(1), 4952(a)(1), and 3123(a)(1), respectively.  One count of Involuntary Deviate Sexual Intercourse was later withdrawn as part of a negotiated plea agreement.  **See** N.T. Plea/Sentencing, 1/13/2004, at 3–4, 10, 21; Information, 1/13/2004.

[6] 18 Pa.C.S. §§ 3121(a)(1), 3125, 3126(a)(1), and 2903, respectively.

[7] Specifically, at Docket Number 11756-2002, the court sentenced Appellant to two to four years' incarceration for Unlawful Restraint-Risk of Serious Bodily Injury with no further penalty ("NFP") on the remaining offense; at Docket Number 11757-2002, to 7 ½ to 20 years' incarceration for Rape with NFP on the remaining offenses; and at Docket Number 3961-2003, to 7 ½ to 20 years' incarceration for Rape with NFP on the remaining offenses.  The court imposed all sentences to run concurrently.

Appellant did not file any direct appeals from his Judgments of Sentence. His Judgments of Sentence, thus, became final on February 12, 2004, upon expiration of time to file direct appeals. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On April 25, 2019, Appellant filed *pro se* a PCRA Petition, his first, claiming ineffective assistance of counsel, that he met the "unknown facts" timeliness exception to the PCRA's time-bar,[8] and that he should be released from custody because he had served six years' incarceration beyond his minimum sentence. PCRA Petition, 4/25/2019, at 2–3, 6. The PCRA court appointed counsel, who filed an Amended Petition on October 31, 2019, challenging the legality of his sentence and sex offender registration. Amended PCRA Petition, 10/31/2019, at 2–3, 5–6. Specifically, Appellant relied on our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), which held that the registration and reporting provisions of the Sex Offender Registration and Notification Act are punitive, and retroactive application of these provisions is unconstitutional. The Commonwealth filed an Answer.

On January 8, 2020, the PCRA court issued a Notice of Intent to Dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907, finding

---

[8] The PCRA provides three exceptions to its time-bar, as set forth *infra*. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

the Petition was time-barred and not subject to a timeliness exception.[9] Appellant did not file a response. Noting that our Supreme Court has not held the right recognized in *Muniz* applies retroactively, the PCRA court concluded that *Muniz* could not be relied upon to satisfy Subsection 9545(b)(1)(iii). *See* PCRA Court Opinion, 10/1/2020, at 2. On June 30, 2020, the PCRA court issued an Order dismissing the Petition as untimely filed.

This timely-filed appeal followed. Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

As noted above, on November 13, 2020, counsel filed an *Anders* Brief and Motion to Withdraw as Counsel, concluding that there were no non-frivolous issues to be raised on appeal since the Petition was time-barred without a timeliness exception. Counsel raises a single issue of arguable merit for our review: "Should this Honorable Court grant counsel's motion to withdraw after a full review of the record reveals no meritorious grounds for appeal?" *Anders* Brief at 3. Appellant has not filed a response.

Before we may consider the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying Petition. The PCRA contains the following restrictions governing the timeliness of any petition filed under the PCRA.

**(b) Time for filing petition.—**

_____

[9] On February 20, 2020, the PCRA court issued an Amended Notice of Intent to Dismiss pursuant to Rule 907.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b). Section 9545's timeliness provisions are jurisdictional.

*Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, as noted above, Appellant's Judgments of Sentence became final on February 12, 2004. Thus, Appellant's instant Petition is facially untimely as he did not file it until April 25, 2019.

The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Subsections 9545(b)(1)(i)–(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented.  42 Pa.C.S. § 9545(b)(2).

Here, Appellant invoked the time-bar exception set forth at Subsection 9545(b)(iii) based on **Muniz**.  However, this Court has held that "the **Muniz** decision does not allow a petitioner to escape the PCRA time-bar as it does not satisfy the newly-recognized constitutional right exception as set forth in S[ubs]ection 9545(b)(1)(iii)." **Commonwealth v. Hromek**, 232 A.3d 881, 885 (Pa. Super. 2020).

> [T]his Court has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017).  However, because Appellant's PCRA petition is untimely (unlike the petition at issue in **Rivera-Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy [Subs]ection 9545(b)(1)(iii).  **See Abdul-Salaam**, **supra**.  Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness exception.

**Id.** at 886 (quoting **Commonwealth v. Murphy**, 180 A.3d 402, 405–06 (Pa. Super. 2018)).

To date, our Supreme Court has not recognized that the new constitutional right announced in *Muniz* applies retroactively in the collateral context. Appellant, therefore, cannot rely on *Muniz* to satisfy Subsection 9545(b)(1)(iii). Accordingly, because Appellant's Petition was untimely filed and he failed to plead and prove a timeliness exception, the PCRA court did not err in dismissing it as untimely.

Order affirmed. Counsel's Motion to Withdraw granted.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/08/2021