J-S18044-20

2020 PA Super 114

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND MATTHEW HROMEK JR. | : | |
| | : | |
| Appellant | : | No. 1461 MDA 2019 |

Appeal from the PCRA Order Entered August 9, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002872-2013

BEFORE: KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED MAY 12, 2020**

Appellant Roland Matthew Hromek, Jr. appeals, *pro se*, from the order of the Court of Common Pleas of York County, which granted in part and denied in part Appellant's "Petition for Enforcement of Plea Agreement." As Appellant's motion should have been deemed an untimely petition under the Post-Conviction Relief Act (PCRA),[1] the lower court had no jurisdiction to grant Appellant collateral relief. Accordingly, we affirm in part and reverse in part.

On August 23, 2013, Appellant entered a negotiated guilty plea to involuntary deviate sexual intercourse (IDSI) with a child less than thirteen years of age. Appellant's plea was based on criminal conduct that occurred between August 1 and October 31, 2012. On November 25, 2013, the trial court imposed a sentence of seven to fifteen years of incarceration and

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

informed Appellant that he was subject to lifetime registration as a sexual offender pursuant to Megan's Law III.[2] The Sex Offender Assessment Board determined that Appellant was not a sexually violent predator (SVP). Appellant did not file a direct appeal.

On December 9, 2013, Appellant filed his first PCRA petition, but subsequently withdrew it. On December 11, 2015 and January 12, 2017, Appellant filed his second and third PCRA petitions, respectively, which were both denied as untimely filed.

On July 19, 2017, Appellant filed his fourth PCRA petition, claiming his lifetime registration and reporting requirements were unconstitutional under **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), in which our Supreme Court held that the retroactive application of the registration and reporting requirements of the Pennsylvania Sex Offender Registration and Notification Act (SORNA I)[3] violated the *ex post facto* clauses of the United

---

[2] 42 Pa.C.S.A. §§ 9791-9799.9. Megan's Law III expired on December 20, 2012, and gave way to the Sexual Offender Registration and Notification Act ("SORNA I"), which took effect on that same date. As discussed *infra*, the Supreme Court subsequently held that Act 152, which contained the relevant Megan's Law III provisions, was unconstitutional as it violated the single subject rule of the Pennsylvania Constitution. **Commonwealth v. Neiman**, 624 Pa. 53, 84 A.3d 603 (2013).

[3] 42 Pa.C.S.A. §§ 9799.10-9799.42. However, in direct response to **Muniz**, the General Assembly passed SORNA II, which became effective on June 12, 2018. Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29). SORNA II is:

States and Pennsylvania Constitutions. On October 30, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On December 15, 2017, the PCRA court dismissed Appellant's petition.

On August 14, 2018, this Court affirmed the PCRA court's order finding that Appellant's fourth PCRA petition was untimely and failed to meet any of the PCRA timeliness exceptions. This Court reasoned that Appellant could not rely on the decision in **Muniz** to satisfy the PCRA timeliness exception under 42 Pa.C.S.A § 9545(b)(1)(iii) based on a newly-recognized constitutional right, as he failed to demonstrate that the Pennsylvania Supreme Court held that **Muniz** applies retroactively on collateral review. **See Commonwealth v. Hromek**, 77 MDA 2018, 2018 WL 389778 (Pa.Super. August 14, 2018) (unpublished memorandum), *appeal denied*, 203 A.3d 978, 598 MAL 2018 (Pa. March 6, 2019).

On April 15, 2019, Appellant filed the instant "Petition for Enforcement of Plea Agreement" in which he challenged his lifetime registration

---

divided into two distinct subchapters – Subchapter H, which applies to "individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted[,]" 42 Pa.C.S. § 9799.11(c), and Subchapter I, which applies to individuals who committed a sexually violent offense "on or after April 22, 1996, but before December 20, 2012," and whose period of registration has not yet expired or whose registration requirements under a former sexual offender registration law have not expired. 42 Pa.C.S. § 9799.52.

**Commonwealth v. Moore**, 222 A.3d 16, 20 (Pa.Super. 2019).

requirements based on **Commonwealth v. Neiman**, 624 Pa. 53, 84 A.3d 603 (2013), in which the Supreme Court held that Act 152, which included the relevant Megan's Law III provisions, was unconstitutional as it violated the single subject rule of the Pennsylvania Constitution.

On August 9, 2019, the lower court entered an order granting Appellant's petition in part and denying it in part, finding that "SORNA cannot be applied retroactively to [Appellant] pursuant to [**Muniz**]; and [Appellant] is subject to the original period of sexual offender registration (lifetime) imposed at the time of his plea agreement (Megan's Law III)." Order, 8/9/19, at 1. This appeal followed.

As a preliminary matter, we must determine whether the lower court had jurisdiction to review the merits of Appellant's "Petition for Enforcement of Plea Agreement." This Court has consistently held that "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition." **Commonwealth v. Torres**, 223 A.3d 715, 716 (Pa.Super. 2019) (citations omitted). Generally, the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies ... including habeas corpus and coram nobis." **Commonwealth v. Descardes**, 635 Pa. 395, 402-403, 136 A.3d 493, 497–98 (2016) (citing 42 Pa.C.S.A. § 9542). The PCRA is "the exclusive vehicle for obtaining post-conviction collateral relief … regardless of the manner in which the petition is titled." **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa.Super. 2001). **See**

*also Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super. 2013) (finding "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*").

In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011), this Court held that the trial court correctly characterized the defendant's motion to correct illegal sentence as a PCRA petition, broadly stating that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Id**. at 521-22. Similarly, Appellant's "Petition for Enforcement of Plea Agreement," in which he challenges the legality of his sentence, should have been treated as a PCRA petition.

Further, our courts have recognized that "while challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition." **Commonwealth v. Concordia**, 97 A.3d 366, 372 (Pa.Super. 2014) (quoting **Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 223 (1999)). This Court has further explained:

> "[t]hough not technically waivable, a legality claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Commonwealth v. Slotcavage***, 939 A.2d 901, 903 n. 4 (Pa.Super. 2007) (citation omitted). "[W]hen a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review." **Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa.Super. 2007).

**Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1173 n.9 (Pa.Super. 2008).

As such, the PCRA court did not have jurisdiction to review Appellant's PCRA petition unless it was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, Appellant's judgment of sentence became final on December 26, 2013, when his time for seeking a direct appeal expired. *See* Pa.R.A.P. 903(a) (stating that a "notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken). As a result,

Appellant had until December 26, 2014 to file a timely PCRA petition. This petition, filed on April 15, 2019, is facially untimely.

As Appellant attempted to file a "Petition for Enforcement of Plea Agreement," Appellant did not argue that any of the PCRA timeliness exceptions apply. As the lower court failed to treat Appellant's filing as a PCRA petition, it did not give Appellant notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.A.P. 907 or give Appellant any opportunity to amend the petition. However, this Court has held that "a court's decision to deny an untimely petition absent directing an amendment does not warrant reversal where the claim is record-based and our review indicates that the issue does not fall within a timeliness exception." **Taylor**, 65 A.3d at 468.

As noted above, the lower court granted Appellant's petition in part and denied it in part, finding that "SORNA cannot be applied retroactively to [Appellant] pursuant to [**Muniz**]." Order, 8/9/19, at 1. First, we note that Appellant's instant petition does not challenge his registration requirements based on **Muniz**, but argues that he is entitled to collateral relief based on this Supreme Court's decision in **Neiman**. The lower court *sua sponte* found **Muniz** to be applicable and granted Appellant relief on that basis without acknowledging that Appellant had filed an untimely PCRA petition.

However, the **Muniz** decision does not allow a petitioner to escape the PCRA time-bar as it does not satisfy the newly-recognized constitutional right exception as set forth in Section 9545(b)(1)(iii). This Court explained this point in **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018):

Appellant's reliance on ***Muniz*** cannot satisfy the [timeliness] exception of [S]ection 9545(b)(1)(iii). In ***Commonwealth v. Abdul-Salaam***, 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,

[s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Id.*** at 501.

Here, we acknowledge that this Court has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa.Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in ***Rivera-Figueroa***), he must demonstrate that the Pennsylvania Supreme Court has held that ***Muniz*** applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). ***See Abdul-Salaam***, ***supra***. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Muniz*** to meet that timeliness exception.

***Murphy***, 180 A.3d at 405-406.[4] As Appellant cannot rely upon ***Muniz*** to excuse the untimeliness of his PCRA petition under Section 9545(b)(1)(iii), the lower court had no jurisdiction to grant Appellant relief based on ***Muniz***.

---

[4] As noted above, this Court rejected this identical claim in denying Appellant's fourth PCRA petition. ***Hromek***, 77 MDA 2018, 2018 WL 3849778, at *2–3. As such, Appellant was not eligible to raise a ***Muniz*** claim in his instant (fifth)

Similarly, Appellant's citation to **Neiman** does not overcome the PCRA time-bar pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii). First, the decision in **Neiman** did not recognize a new constitutional right, but rather, concluded that Act 152, which included the relevant Megan's Law III provisions, was unconstitutional as it violated the single subject rule of the Pennsylvania Constitution. Second, our Supreme Court has not held that the **Neiman** decision should be applied retroactively on collateral review.

As Appellant's petition does not meet any of the PCRA timeliness exceptions, the lower court had no jurisdiction to reach the merits of the petition. Accordingly, we reverse the lower court's decision granting Appellant relief under **Muniz** and affirm in all other respects, albeit on different grounds than set forth below.

Order reversed in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2020

---

PCRA petition as the exact issue was previously litigated in his prior PCRA petition. **See** 42 Pa.C.S.A. § 9543(a)(3), § 9544(a)(3).