J-S42023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WRIGHT | : | |
| | : | |
| Appellant | : | No. 1195 EDA 2020 |

Appeal from the PCRA Order Entered April 14, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002361-2005

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                          Filed: October 8, 2020

Appellant, James Wright, appeals *pro se* from the order entered on April 14, 2020, dismissing his second petition filed pursuant to the Post Conviction Relief Act[1] (PCRA) as untimely.  We affirm.

We briefly summarize this case as follows.  On November 2, 2005, a jury convicted Appellant of robbery, burglary, and conspiracy.  On January 24, 2006, the trial court sentenced Appellant to an aggregate term of 25 to 50 years of imprisonment.  We affirmed Appellant's judgment of sentence on June 13, 2007.  **See Commonwealth v. Wright**, 931 A.2d 55 (Pa. Super. 2007) (unpublished memorandum).  On January 21, 2009, the Supreme Court of Pennsylvania denied further review.  **See Commonwealth v. Wright**, 964 A.2d 895 (Pa. 2009).  On June 15, 2009, the United States Supreme Court

_____

[1]  42 Pa.C.S.A. §§ 9541-9546.

denied Appellant's petition for writ of *certiorari*. ***See Wright v. Pennsylvania***, 557 U.S. 909 (2009).

On June 18, 2010, Appellant filed his first *pro se* petition pursuant to the PCRA. The PCRA court appointed counsel to represent Appellant. On November 9, 2010, the PCRA court dismissed Appellant's first PCRA petition and permitted counsel to withdraw. Appellant did not appeal that determination.

On March 3, 2020, Appellant filed a *pro se* PCRA petition, the subject of the current appeal. On March 16, 2020, pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without an evidentiary hearing. On April 9, 2020, Appellant filed a response. On April 14, 2020, the PCRA court dismissed Appellant's second PCRA petition as untimely. This timely *pro se* appeal resulted.[2]

Appellant presents the following issue for our review:

_____

[2] Appellant filed a timely, *pro se* notice of appeal on May 15, 2020. ***See*** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); ***In Re: Statewide Judicial Emergency – Suspension Superior Court Of Pennsylvania***, (No. 3 Administrative Docket) (Pa. Super. filed March 17, 2020) at *1, ¶C ("All timelines imposed by Pennsylvania Rule of Appellate Procedure 903, for appeals from orders entered between March 17, 2020, and April 17, 2020, that would be subject to the Superior Court's jurisdiction, are EXTENDED by 30 days."). On June 10, 2020, the trial court issued an order pursuant to Pa.R.A.P. 1925(a) explaining that its reasons for denying relief were "set forth in the March 16, 2020 [o]rder/[Rule 907 n]otice and explanatory footnote and the April 14, 2020 [o]rder and explanatory footnote [dismissing Appellant's PCRA petition as untimely]." PCRA Court Order, 6/10/2020, at *1.

> Whether the [PCRA] court committed error by dismissin[g Appellant's] PCRA [petition alleging a] claim of ineffective assistance of [trial counsel]?

Appellant's *Pro Se* Brief at *4 (unpaginated). More specifically, Appellant contends that trial counsel was ineffective for failing to challenge his sentence as illegal. ***Id.*** at *5-7.

This Court's standard of review from the grant or denial of PCRA relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error*.* ***Commonwealth v. Cole***, 227 A.3d 336, 339 (Pa. Super. 2020). Initially, we must determine whether the PCRA court had jurisdiction to entertain the merits of Appellant's PCRA petition. This Court has recently stated:

> It is well-established that the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. Generally, a PCRA petition including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).
>
> However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

*Commonwealth v. Hromek*, 232 A.3d 881, 884–885 (Pa. Super. 2020) (internal case citation and quotations omitted). "Any petition invoking an exception [to the PCRA's one-year jurisdictional time bar] shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "Further, it is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (citation omitted).

Additionally,

our courts have recognized that while challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition. This Court has further explained:

though not technically waivable, a legality claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim. When a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review.

*Hromek*, 232 A.3d at 884 (internal citations, quotations, and brackets omitted).

Appellant's judgment of sentence became final for purposes of the PCRA on June 15, 2009 when the U.S. Supreme Court denied *certiorari* of his direct appeal. Thus, Appellant's PCRA petition filed on March 3, 2020, over ten years after his judgment of sentence became final, was patently untimely.

Moreover, Appellant does not invoke any of the three noted exceptions to the PCRA's one-year jurisdictional time bar. As such, the jurisdictional limits of the PCRA rendered Appellant's challenge to the legality of his sentence incapable of review. Finally, Appellant's assertion that trial counsel was ineffective for failing to raise a claim challenging the legality of his sentence does not save his otherwise untimely filed PCRA petition. Accordingly, for all of the foregoing reasons, the PCRA court lacked jurisdiction to address the merits of Appellant's March 3, 2020 PCRA petition and properly dismissed it as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/20