J-S30023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD S. MARTIN | : | |
| | : | |
| Appellant | : | No. 687 MDA 2021 |

Appeal from the PCRA Order Entered December 31, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003532-2016

BEFORE:  BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:  **FILED OCTOBER 01, 2021**

Appellant Ronald S. Martin (Appellant) appeals from the order of the Dauphin County Court of Common Pleas dismissing his petition filed under the Post Conviction Review Act (PCRA).[1]  His *pro se* brief attempts to bring myriad claims (to wit, 73), many of which are essentially proposed findings of fact. However, the threshold question is whether his petition was timely filed.  As we conclude the PCRA court did not err in concluding that it was not, we affirm.

Before we reach the timeliness of Appellant's petition, we must recount the procedural history of this case, as the vicissitudes of PCRA procedure created a wrinkle that impacts whether Appellant's notice of appeal was timely filed.  The PCRA court provides the following summary:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On December 12, 2015, the Pennsylvania State Police received a telephone call from the wife of Appellant complaining of child pornography images found on a computer owned by the Appellant. Trooper Watkins of the Pennsylvania State Police responded to Appellant's home to speak with Appellant and his wife. Appellant's wife stated that she had found images of child pornography on their shared computer on multiple occasions. On December 12, 2015, she found two images of very young children between the ages of eleven (11) and fifteen (15) performing sexual acts in a recently viewed folder.

Appellant admitted that he was in possession of the images. At least fourteen (14) of the images depicted children under the age of eighteen (18) in sexually explicit positions.

PCRA Ct. Op., 6/21/21, at 2-3 (record citations omitted).

The matter proceeded as follows:

On November 17, 2016, Appellant pled guilty to fourteen (14) counts of possession of child pornography. On February 27, 2017, Appellant was sentenced [to an aggregate term of three to six years of imprisonment].

A [direct] appeal was not filed in this matter. On October 7, 2019, Appellant filed a *pro se* petition pursuant to the [PCRA]. On October 16, 2019, this [c]ourt appointed William Shreve, Esquire, to represent Appellant in his PCRA proceedings. On June 30, 2020, this [c]ourt granted Attorney Shreve's motion to withdraw under the PCRA and issued a notice of intent to dismiss Appellant's [petition]. On July 21, 2020, this [c]ourt issued a final dismissal of Appellant's [petition]. However, on July 23, 2020, this [c]ourt received a timely [but delayed due to problems with mail delivery] objection to this [c]ourt's notice of intent to dismiss. Consequently, this [c]ourt rescinded its final dismissal in order to review Appellant's timely objections. On August 13, 2020, before receiving this [c]ourt's Order rescinding the final dismissal, Appellant filed a notice of appeal to the Pennsylvania Superior Court. After receiving notice from this [c]ourt that his timely objections were being reviewed, Appellant discontinued his appeal. After reviewing Appellant's objections, this [c]ourt again issued a final dismissal of Appellant's [petition] on December 31,

> 2020. On March 15, 2021, this [c]ourt received an untimely notice of appeal [ ]. On April 28, 2021, this Court issued a Statement in Lieu of Opinion to the Superior Court of Pennsylvania.
>
> On June 1, 2021, this [c]ourt received an Order from the [Superior Court] remanding the instant record [ ] for a Trial Court Opinion due to an apparent docketing error of Appellant's first Notice of Appeal.

PCRA Ct. Op. at 1-2 (footnotes omitted).

We must address some discrepancies in the PCRA court's recounting of this procedural history. The January 26, 2021 notice of appeal that initiated this matter states that Appellant "hereby appeals to [this Court] the Order of the [PCRA court] dated 31 December 2020, dismissing the PCRA [petition]." Notice of Appeal, 1/26/21, at 1. Thus, this appeal arises not from the first dismissal order, subsequently withdrawn and therefore a nullity, but from the second dismissal order. Further, it was not filed tardily, as the PCRA court suggests, though the Common Pleas docket records a third notice of appeal having been filed on March 15, 2021. It is stamped as having been received on January 26, 2021, less than 30 days after the order of December 31 dismissing the petition. Therefore this is a proper, timely appeal.[2]

"When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth***

_____

[2] We note that in memorializing service of key documents after appointed counsel was permitted to withdraw and Appellant was *pro se*, the docket lists two Assistant District Attorneys as having been served via eService. The docket does not record service to Appellant, though plainly he was served as he filed responsive documents.

- 3 -

*v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted), *appeal denied*, 200 A.3d 939 (Pa. 2019).   There is no absolute right to a PCRA hearing, and we review dismissal without a hearing "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing."   *Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa. Super. 2015) (*en banc*).

The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein.   *Commonwealth v. Whiteman*, 204 A.3d 448, 450 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1028 (Pa. 2019).   *See also* 42 Pa.C.S. § 9545(b)(1).   This includes a non-waivable challenge to the legality of a petitioner's sentence.[3]   *See Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) ("[W]hen a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review.") (citation omitted).

_____

[3] Some of Appellant's prolix claims seem to sound in the legality of his sentence; it is fair to characterize his brief as an attempt to throw a wall of verbiage and citations at this Court to see if any of it sticks.   This Court acknowledges that Appellant is *pro se* and therefore lacks the years of legal training that inform an effective appellate filing.   We therefore construe his claims generously, but even within that lens, there is simply nothing here that can justify his silence for an entire year as the PCRA clock ran, and then finally ran out.

- 4 -

The PCRA court opinion makes clear that Appellant's attempt to rely on the governmental interference exception is unavailing. *See* Trial Ct. Op. at 4-5. Although prison policies instituted during the COVID-19 pandemic limited library access, when one is dealing with a deadline and faces difficulty, the proper response is almost never to do nothing. A simple letter to the PCRA court explaining his predicament and expressing a desire to pursue PCRA relief would almost certainly have been construed as an initial *pro se* petition for purposes of "stopping the clock." Even if the PCRA court for some reason had not construed such a letter as a PCRA petition, Appellant would have at least established some level of diligence had he done something rather than nothing. Thus, we cannot find that the PCRA court was unsupported by evidence of record or committed legal error in concluding that the present petition was not timely filed and thus that there is no jurisdiction.[4]

Order affirmed.

---

[4] On appeal, Appellant has pivoted and now states that the "proximal cause" for filing this petition is ***Commonwealth v. Ford***, 217 A.3d 824 (Pa. 2019) (Sentencing Code's requirement that the trial court not sentence a defendant to pay a non-mandatory fine unless the defendant had the ability to pay the fine was not satisfied when a defendant agreed to pay a given fine as part of a negotiated guilty plea agreement). Appellant's Brief at 16. Thus, he attempts to invoke the timeliness exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively" under 42 Pa.C.S. § 9545(b)(1)(iii). However, he cites no law establishing that ***Ford*** has retroactive effect.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2021