**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN THOMAS BIDDLE, JR. | : | |
| | : | |
| Appellant | : | No. 1275 WDA 2020 |

Appeal from the PCRA Order Entered December 17, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000335-2014,
No. CR 55-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN THOMAS BIDDLE, JR. | : | |
| | : | |
| Appellant | : | No. 1276 WDA 2020 |

Appeal from the PCRA Order Entered December 17, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000539-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN T. BIDDLE | : | |
| | : | |
| Appellant | : | No. 1277 WDA 2020 |

Appeal from the PCRA Order Entered December 17, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000055-2001

COMMONWELTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                                         :

                   v.                      :
                                         :
                                         :

JOHN THOMAS BIDDLE, JR.        :
                                         :

            Appellant         :     No. 1278 WDA 2020

Appeal from the PCRA Order Entered December 17, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000531-2013

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:           **FILED: NOVEMBER 19, 2021**

John Thomas Biddle, Jr. appeals from the order, entered in the Court of Common Pleas of Venango County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After our review, we affirm.

On June 5, 2001, Biddle entered a guilty plea to statutory sexual assault[1] and aggravated indecent assault-victim less than 16-years old.[2] On September 27, 2001, the court sentenced Biddle to an aggregate term of imprisonment of three to ten years. As a Tier III offender under the Sexual

---

[1] 18 Pa.C.S. § 3122.1.

[2] 18 Pa.C.S. § 3125(a)(8).

Offender Notification and Registration Act (SORNA),[3] Biddle was required to register for life. **See** 42 Pa.C.S. § 9799.15(a)(3).

On February 24, 2014, Biddle pled guilty to failure to comply with SORNA registration requirements in violation of 18 Pa.C.S. §§ 4915.1(a)(2)

---

[3] 42 Pa.C.S. §§ 9799.10-9799.75. The Pennsylvania General Assembly amended SORNA I by enacting Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are collectively known as SORNA II. **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29 ("Act 29"). SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, which applies to an offender who committed a sexually violent offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to an individual who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired. Pursuant to SORNA II, Biddle's convictions of statutory sexual assault and aggravated indecent assault are Subchapter I offenses requiring lifetime registration. **See** 42 Pa.C.S. § 9799.55(b)(2)(i)(A).

and (a)(3),[4] and 5124(a).[5]    He also pled guilty to five counts of burglary.[6]

On August 8, 2014, the trial court sentenced Biddle to an aggregate term of

14½  to 50 years' imprisonment.  Biddle did not file a direct appeal.

_____

[4] Section 4915.2(a)(2) provides, as follows:

> (a)    Offense defined.--An individual who is subject to registration under 42 Pa.C.S. § 9799.55(a), (a.1) or (b) (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) commits an offense if the individual knowingly fails to:
>
> > 1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.56 (relating to registration procedures and applicability);
> >
> > 2) **verify the individual's residence or be photographed as required under 42 Pa.C.S. § 9799.60 (relating to verification of residence)**; or
> >
> > 3) **provide accurate information when registering under 42 Pa.C.S. § 9799.56 or verifying a residence under 42 Pa.C.S. § 9799.60**.

18 Pa.C.S. § 4915.2(a)(2)(1)-(3) (emphasis added).

[5] Section 5124(a) of the Crimes Code (failure to appear) provides:

> **(a)    Offense defined**.--A person set at liberty by court order, with or without bail, upon condition that he will subsequently appear at a specified time and place, commits a misdemeanor of the second degree if, without lawful excuse, he fails to appear at that time and place. The offense constitutes a felony of the third degree where the required appearance was to answer to a charge of felony, or for disposition of any such

*(Footnote Continued Next Page)*

On September 11, 2017, Biddle filed a petition pursuant to the PCRA, wherein he challenged his convictions and sentences under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). Biddle alleged that he was not subject to registration and the other requirements under 18 Pa.C.S. §§ 4915.1(a)(3) and 5124 because his sexual offenses predated the enactment of those provisions. Thereafter, Biddle filed two subsequent amended PCRA petitions. The PCRA court held a hearing on Biddle's PCRA claims on May 4, 2018. Biddle argued he satisfied the timeliness exception to the PCRA time requirement found at 42 Pa.C.S. § 9545(b)(1)(iii),[7] contending that a lifetime registration

_____

> charge, and the actor took flight or went into hiding to avoid apprehension, trial or punishment.

18 Pa.C.S. § 5124(a).

[6] 18 Pa.C.S. § 3502(a)4).

[7] Beyond the one-year time-bar, a petitioner must plead and prove at least one of the time-bar exceptions. These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> **(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period**

*(Footnote Continued Next Page)*

requirement imposed upon him pursuant to SORNA is unconstitutional under our Supreme Court's decision in **Muniz**, which held SORNA's registration provisions are punitive, and retroactive application violated the federal *ex post facto* clause, as well as the *ex post facto* clause of Pennsylvania's Constitution.

On December 14, 2018, the PCRA court denied relief, concluding that Biddle's petitions were untimely and not subject to an exception under the PCRA. The PCRA court relied on this Court's decision in **Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018), which held that since Pennsylvania Supreme Court has not held **Muniz** to apply retroactively, a petition cannot rely on **Muniz** to overcome the PCRA time-bar.

On January 11, 2019, Biddle appealed to this Court. We quashed the appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).[8]

_____

**provided in this section and has been held by that court to apply retroactively.**

42 Pa.C.S. § 9545(b)(1)(i)–(iii) (emphasis added). A petitioner must raise the claim within sixty days from the date that the claim could have been raised. **Id.** at § 9545(b)(2).

Section 9545(b)(2) was amended to reflect that a petitioner has one year rather than the prior deadline of sixty days to raise his claim. This amendment became effective on December 24, 2018, and applies to claims arising on December 24, 2017, or after. Biddle's *pro se* PCRA petition was filed on September 11, 2017, before the amendment became effective. Additionally, his alleged claim arose on July 19, 2017, the date that the decision in **Muniz** was filed. Therefore, the amendment is inapplicable because the decision in **Muniz** preceded December 24, 2017.

[8] In **Walker**, the Pennsylvania Supreme Court held that where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases. **See also** Pa.R.A.P. 341(a).

Thereafter, on June 24, 2020, the PCRA court reinstated Biddle's collateral appeal rights. On July 8, 2020, Biddle filed notices of appeal in compliance with *Walker*. On November 25, 2020, the PCRA court re-issued its Pa.R.A.P. 1925(a) opinion and order, dismissing Biddle's petition as untimely.

On appeal, Biddle claims his SORNA convictions and sentences are unconstitutional under the *ex post facto* clauses of the Pennsylvania and United States Constitutions based on *Muniz*. He argues *Muniz* "triggered" the new constitutional rule exception to the PCRA time requirement, and that "[t]he PCRA court and *Murphy* are both wrong." Appellant's Brief, at 5. Biddle is not entitled to relief.

The PCRA time limitations implicate a court's jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Here, Biddle was sentenced on August 8, 2014. He did not file a direct appeal. Thus, his judgment of sentence became final on September 8, 2014. 42 Pa.C.S. § 9545(b)(3). Pursuant to 42 Pa.C.S. §§ 9545(b)(1) and (3), Biddle had one year within which to file a PCRA petition, i.e., no later than September 8, 2015. Biddle's petition, filed on September 11, 2017, is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 783 (Pa. 2000) (holding PCRA petition filed more than one year after judgment of sentence becomes final is untimely, and PCRA court lacks jurisdiction to address petition unless petitioner pleads and proves statutory exception to the PCRA time-bar).

In **Murphy**, our Court recognized that even though "**Muniz** created a substantive rule that retroactively applies in the collateral context[,]" where, as here, a "PCRA petition is untimely[, the petitioner] must demonstrate that the **Pennsylvania Supreme Court** has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii)." **Murphy**, 180 at 405-06 (emphasis in original). **See also Commonwealth v. Hromek**, 232 A.3d 881, 885 (Pa. Super. 2020) (reaffirming **Murphy** and holding that trial court lacked jurisdiction to reach merits of untimely PCRA petition).

As in **Hromek**, the **Muniz** decision does not allow Biddle to escape the PCRA time-bar as it fails to satisfy a newly-recognized constitutional-right exception under 42 Pa.C.S. § 9545(b)(1)(iii). **Hromek**, 232 A.3d at 886. Thus, Biddle cannot rely upon **Muniz** to excuse the untimeliness of his PCRA petition under section 9545(b)(1)(iii), and the PCRA court had no jurisdiction to grant him relief. **Gamboa–Taylor**, **supra**. Therefore, since Biddle's petition is facially untimely, and he failed to satisfy any PCRA time-bar exception, we conclude that the PCRA court correctly dismissed his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021