J-S04008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUDOLPH WOODSON | : | |
| | : | |
| Appellant | : | No. 295 EDA 2024 |

Appeal from the PCRA Order Entered December 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003786-2014

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 18, 2025**

Appellant, Rudolph Woodson, appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Upon review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows.

> On January 24, 2014, Appellant . . . was arrested and charged with attempted murder, aggravated assault, possession of an instrument of crime (PIC), simple assault, and recklessly endangering another person (REAP). [A bench trial was conducted] on March 16, 2015, where . . . Appellant [was found] guilty of all charges[. The trial court then] sentenced Appellant to [15 to 40] years['] incarceration on the [charge of] attempted murder. [Appellant's convictions for] aggravated and simple assault merged. The [trial] court sentenced Appellant to two and [one-]half to five years of incarceration on PIC and one to two years of incarceration on REAP to run

_____

[*] Retired Senior Judge assigned to the Superior Court.

consecutively. [In sum, Appellant was sentenced to an aggregate term of 18 and one-half to 47 years'] incarceration.

PCRA Court Opinion, 5/14/14, at 1. This Court subsequently affirmed Appellant's judgment of sentence on December 27, 2017. ***See*** ***Commonwealth v. Woodson***, 2017 WL 6603476, at *1 (Pa. Super. Dec. 27, 2017) (non-precedential decision). Appellant did not seek further review.

On January 31, 2019, Appellant filed a petition seeking PCRA relief. The PCRA court subsequently appointed counsel, who, on December 20, 2019, filed an amended PCRA petition on Appellant's behalf. Ultimately, the PCRA court dismissed Appellant's PCRA petition on May 7, 2021. No appeal followed.

On April 26, 2022, Appellant filed the instant PCRA petition, his second. On June 27, 2023, the PCRA court issued a notice of intent to dismiss Appellant's petition, pursuant to Pa.R.Crim.P. 907. On July 7, 2023, Appellant filed an objection to the PCRA court's Rule 907 notice. On December 14, 2023, the PCRA court dismissed Appellant's petition. This timely appeal followed.[1]

_____

[1] A review of the certified record reveals that, after Appellant filed a notice of appeal, the PCRA court entered an order on January 29, 2024 directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant, however, failed to file his concise statement within the requisite 21 days. Instead, on March 15, 2024, Appellant asked the PCRA court for an extension of time to file his concise statement. The PCRA court granted Appellant's motion on March 27, 2024, and directed Appellant to file a Rule 1925(b) statement within 30 days. In general, the failure to file a Rule 1925(b) statement would result in the waiver of an appellant's issues on appeal. ***See Greater Erie Indus. Dev.*** ***Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) *(Footnote Continued Next Page)*

Appellant raises the following issues on appeal:

1. Did the [PCRA] court abuse its discretion or err as a matter of law in failing to grant [Appellant's] request for [PCRA] relief in [the] nature of granting him an evidentiary hearing where the evidence established that [Appellant's] sentence is illegal?

2. Did the [PCRA] court abuse its discretion or err as a matter of law in failing to grant [Appellant's] request for [PCRA] relief in [the] nature of granting him an evidentiary hearing where the evidence established that [Appellant's] attorney was ineffective[?]

3. Did the [PCRA] court abuse its discretion or err as a matter of law by acting with judicial impropriety [in denying] PCRA [relief] after Appellant demonstrated numerous constitutional violations?

Appellant's Brief at *5 (unpaginated) (unnecessary capitalization omitted).

Appellant raises three distinct claims on appeal. First, Appellant argues that the trial court imposed an illegal sentence for his conviction of attempted murder. In particular, Appellant ostensibly claims that, in fashioning his sentence, the trial court used an uncharged offense – robbery-serious bodily

_____

(*en banc*). In this same vein, if an appellant seeks an extension of time to file a Rule 1925(b) statement, he must do so "within the 21-day time limit set forth in Rule 1925(b)(2) [or it] will result in waiver of all issues not raised by that date." ***Commonwealth v. Gravely***, 970 A.2d 1137, 1145 (Pa. 2009). In this instance, however, there is no notation on the docket that Appellant was served with notice of the PCRA court's January 29, 2024 1925(b) order as required by Pa.R.C.P. 236(b) ("The prothonotary shall note in the docket the giving of the notice[.]"). Because the PCRA court did not note on the docket the date and manner by which Appellant was served the Rule 1925(b) order, we decline to conclude that Appellant's claims are waived on appeal. ***See In re L.M.***, 923 A.2d 505, 510 (Pa. Super. 2010) (declining to find the appellant's issues waived on appeal where docket does not reflect service of concise statement order).

injury – to "enhance[] . . . the statutory maximum sentence for attempted murder" which also "increased the offense gravity score."  Appellant's Brief at *9.  Second, Appellant raises a claim of ineffective assistance of counsel, alleging that trial counsel was ineffective for failing to challenge the legality of his sentence for attempted murder.  *Id.* at *10.  Finally, Appellant claims that the PCRA court erred in dismissing his PCRA petition without an evidentiary hearing.  *Id.* at *11.

This Court's standard of review from the grant or denial of PCRA relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. ***Commonwealth v. Cole***, 227 A.3d 336, 339 (Pa. Super. 2020).  Initially, we must determine whether the PCRA court had jurisdiction to entertain the merits of Appellant's PCRA petition.  This Court has stated:

> It is well-established that the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.  Generally, a PCRA petition including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).
>
> However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United

States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A.
§ 9545(b)(1)(i)-(iii).

***Commonwealth v. Hromek***, 232 A.3d 881, 884–885 (Pa. Super. 2020) (internal case citation and quotations omitted). "Any petition invoking an exception [to the PCRA's one-year jurisdictional time bar] shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

"[Importantly], it is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA." ***Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. 2016) (citation omitted). Additionally,

> our courts have recognized that while challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition. This Court has further explained:
>
> > though not technically waivable, a legality claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim. When a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review.

***Hromek***, 232 A.3d at 884 (internal citations, quotations, and brackets omitted).

Appellant's judgment of sentence became final on January 27, 2018, at the expiration of the time for seeking review in our Supreme Court. Thus, Appellant's PCRA petition filed on April 26, 2022, more than three years after

his judgment of sentence became final, was patently untimely.[2]  Moreover, Appellant does not even attempt to invoke any of the three noted exceptions to the PCRA's one-year jurisdictional time bar.  As such, the jurisdictional limits of the PCRA preclude our review of Appellant's claims, including his challenge to the legality of his sentence.  In this same vein, Appellant's assertion that trial counsel was ineffective for failing to raise a claim challenging the legality of his sentence does not save his otherwise untimely filed PCRA petition.  Accordingly, for all of the foregoing reasons, the PCRA court lacked jurisdiction to address the merits of Appellant's April 26, 2022 PCRA petition and properly dismissed it as untimely.

Order affirmed. Appellant's February 10, 2025 Application for Relief denied as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025

_____

[2] Appellant's judgment of sentence became final on January 27, 2018, at the expiration of the time for seeking review in our Supreme Court.  As such, Appellant had until Monday, January 28, 2019, or one-year after his judgment of sentence became final, to file a timely PCRA petition.  **See** 1 Pa.C.S.A. § 1908 (when the last day of the 30–day appeal period falls on a weekend or legal holiday such day shall be omitted from the computation of time).