J-S22044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TISHA LEIGH SMEAL | : | |
| | : | |
| Appellant | : | No. 1785 MDA 2024 |

Appeal from the PCRA Order Entered November 5, 2024
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000106-2021

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED: SEPTEMBER 5, 2025**

Appellant, Tisha Leigh Smeal, appeals from the order of the Court of Common Pleas of Clinton County denying her petition for relief under the Post Conviction Relief Act ("PCRA") as untimely filed. We affirm.

Following a non-jury trial before the Court of Common Pleas of Clinton County on April 21, 2022, Appellant was found guilty of two counts aggravated assault, graded as felonies of the second degree, and found guilty of two counts of simple assault, graded as misdemeanors of the second degree. Prior to sentencing, initially scheduled for July 11, 2022, Appellant filed a motion to vacate verdict and for a new trial on July 7, 2022. The matter was continued to August 22, 2022, at which time the lower Court heard argument on, and subsequently denied, Appellant's motion before proceeding to sentencing.

_____

[*] Former Justice specially assigned to the Superior Court.

N.T. 8/22/2022 Motion and Sentencing Hearing at 6. Appellant was sentenced to a term of imprisonment of six to twenty-three months in the Clinton County Correctional facility, with a three-year probationary period to follow. *Id.* at 17-19.

On October 4, 2022, Appellant filed an uncontested *nunc pro tunc* motion to reinstate her right to file a motion to reconsider sentence and to file a direct appeal, which was granted by the lower Court on the same date. On October 5, 2022, Appellant filed a motion to reconsider sentence, which was denied by order of court on October 6, 2022. Appellant filed a notice of appeal on October 31, 2022. On November 16, 2022, by stipulated order, the lower Court vacated the appointment of trial counsel and appointed attorney Marc A. Decker, Esq., as appellate counsel. On December 8, 2022, the lower Court issued a subsequent order reaffirming its appointment of appellate counsel, attorney Decker, and further ordering appellate counsel to file a concise statement of errors complained of on appeal within forty-five days. On January 27, 2023, Attorney Decker filed a concise statement on behalf of Appellant.

Concerning that prior appeal, docketed at 1531 MDA 2022, on February 8, 2023, this Court issued a rule to show cause as to why that appeal should not be quashed as untimely filed, where the October 4, 2022, *nunc pro tunc* motion for extension, as well as the order granting said motion, were filed in excess of 30 days after of the imposition of Appellant's sentence. Attorney Decker filed his response on March 14, 2023, averring that while Appellant timely requested that trial counsel file a motion for reconsideration of sentence

and direct appeal, "Trial Counsel did not receive Appellant-Defendant's request [] until the time for filing said motions had lapsed, as Trial Counsel was out of town for a pre-planned family event and unable to timely act on Appellant-Defendant's request." Appellant's Response to the Superior Court of Pennsylvania's Rule to Show Cause at 1 (unpaginated). On March 17, 2023, this Court issued an order quashing the appeal *sua sponte* as Appellant failed to present any legal argument to justify this Court's jurisdiction over that untimely appeal.

Appellant filed a *pro se* PCRA petition on April 15, 2024; Attorney Brian W. Ulmer, Esq., was subsequently appointed and an amended petition was filed on September 20, 2024. On that same date, at a proceeding before the lower Court, the parties agreed that the matter would be briefed and resolved thereupon. Following briefing, on November 5, 2024, Appellant's petition was denied as untimely, as her petition was not filed within one year of the date her judgment of sentence became final. Appellant filed her notice of appeal on December 10, 2024, and her concise statement of errors complained of on appeal on December 26, 2024.

Appellant raises two issues on appeal:

"1. Did error occur in the denial of Appellant's request for post-conviction relief where Trial Counsel failed to timely preserve her appellate rights?
Suggested Answer: Yes.

2. Did error occur in the denial of Appellant's request for post-conviction relief where Appellate Counsel failed to provide legal arguments to preserve her appellate rights?

Suggested Answer: Yes."

Appellant's Brief at 4.

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." **Commonwealth v. Brown**, 143 A.3d 418, 420 (Pa. Super. 2016). Further, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.** "Generally, a PCRA petition [] shall be filed within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review." **Commonwealth v. Hromek**, 232 A.3d 881, 884-885 (Pa. Super. 2020)(internal citations omitted). We have previously observed that:

> "In cases where no post-sentence motions (or Commonwealth's motions to modify sentence) are filed, a defendant must file an appeal within 30 days of imposition of sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files a **timely** post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). [A] defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1).
>
> An **untimely** post-sentence motion does not toll the appeal period. **Commonwealth v. Green**, 2004 PA Super 433, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*) ('[T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion.')."

**Commonwealth v. Capaldi,** 112 A.3d 1242, 1244 (Pa. Super. 2015).

Likewise, an untimely appeal does not toll the one-year period allowed

for the filing of a post-conviction petition under the PCRA. *See Commonwealth v. Brown,* 943 A.2d 264 (Pa. 2008)(*holding* "in circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA.").

Here, Appellant did not timely file a post sentence motion, thus, her direct appeal period lapsed on September 21, 2022, thirty days after imposition of sentence on August 22, 2022. Appellant further did not timely file a direct appeal within that thirty-day period; thus, the one-year period permitted for filing of a post-conviction petition under the PCRA commenced on September 21, 2022 and lapsed on September 21, 2023. As Appellant did not file her petition until April 15, 2024, her petition is facially untimely.

"Pennsylvania courts may only consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include [*inter alia*]: (1) the petitioner's inability to raise a claim as a result of governmental interference[.]" **Hromek**, *supra* at 885. In order to meet the governmental interference exception, Appellant must demonstrate that the alleged interference violates the Constitution or laws of either the United States or the Commonwealth of Pennsylvania. **Commonwealth v. Albrecht**, 994 A.2d

1091, 1095 (Pa. 2010), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i). Further, "failure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal." **Commonwealth v. Blackwell**, 936 A.2d 497, 500 (Pa.Super. 2007).

Here, although Appellant seeks to invoke the governmental interference exception in her appellant's brief, neither her *pro se* PCRA petition nor her amended, counseled, petition plead the governmental interference exception, nor any other exception to the one-year time bar. On that basis alone, the instant appeal fails. **Blackwell,** *supra.* However, even should we have reached the substance of Appellant's claim of governmental interference, it would merit no relief. Appellant contends that the governmental interference which prevented her from timely filing the underlying PCRA petition was the manner in which the docket reflected the result of her prior appeal. Appellant contends that the docket reflects that this Court did not return her case to the Court of Common Pleas following her prior untimely appeal until the date on which that appeal was quashed. Appellant's Brief at 12. Appellant contends that therefore "[a]nyone accessing these public dockets could, arguably, have believed that the trigger date for PCRA action began April 27, 2023 and thus a filing on April 15, 2024 was legitimate." **Id.** Appellant cites no authority in support of this argument, and we find it to be wholly without merit. As conceded by Appellant, "the manner in which the appellate outcome was listed in the dockets is not unusual. With all candor to the tribunal, the undersigned would acknowledge

that it is actually common." Appellant's Brief at 12. We see no way in which the docket reflecting perfectly ordinary court procedure in a "not unusual" and "common" manner rises to the level of governmental interference for the purposes of an untimely filed PCRA petition, and Appellant's brief does not develop any argument in support of that contention.

Thus, for the foregoing reasons, we find no error in the trial Court's dismissing Appellant's PCRA petition as untimely where it was filed several months after the one-year time period permitted by the Act lapsed, and where Appellant has failed to plead and prove any exception to the time-bar. As such, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/05/2025