J-A11014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN HENDERSON | : | |
| | : | |
| Appellant | : | No. 1006 WDA 2022 |

Appeal from the PCRA Order Entered August 16, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0011250-2005

BEFORE:    BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: September 29, 2023**

Appellant, Calvin Henderson, appeals *pro se* from the order entered August 16, 2022, in the Court of Common Pleas of Allegheny County, denying as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue.  The PCRA court summarized it as follows:

> [Appellant] was sentenced on November 15, 2006, and [Appellant] filed a direct appeal on May 11, 2007, after his post-sentence motions were denied.  The judgment of sentence was affirmed and Petition for Allowance of Appeal denied thereafter. [Appellant] subsequently filed multiple PCRA petitions, all of which were denied by both the trial and appellate courts, with most recent denial by the Pennsylvania Supreme Court on September 16, 2016.  On February 14, 2022, [Appellant] filed a *pro se* Motion to Correct Illegal Sentence *Nunc Pro Tunc* alleging an illegal

---

[*] Retired Senior Judge assigned to the Superior Court.

sentence was imposed at the time of the original sentencing in 2006.

PCRA Court Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, 7/21/22, at 1-2.

After issuing a notice under Rule 907, on August 16, 2022, the PCRA court denied Appellant's "motion" to correct his illegal sentence, treating it as an untimely PCRA petition.

> When reviewing the propriety of an order pertaining to PCRA relief,
>
> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[1] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the

---

[1] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1), and (2) files a petition raising this exception within one year of the date the claim could have been presented, ***see*** 42 Pa.C.S.A. § 9545(b)(2).

petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

First, Appellant does not dispute that the PCRA court properly treated the underlying "Motion to Correct Illegal Sentence Nunc pro Tunc" as a PCRA petition. Indeed, regardless of how a pleading is titled, courts are to treat any pleading filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007); *see also Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citation omitted)); *Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) (affirming the *Wrecks* holding that regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA).

Here, the thrust of Appellant's argument is that his sentence is illegal due to, *inter alia*, a merger issue. It is well-established that merger implicates the legality of a sentence. ***See***, ***e.g.***, ***Commonwealth v. Tanner***, 61 A.3d 1043, 1046 (Pa. Super. 2013). Similarly, it is well-established that issues concerning the legality of the sentence are cognizable under the PCRA. ***See***, ***e.g.***, ***Commonwealth v. Hockenberry***, 689 A.2d 283, 288 (Pa. Super. 1997). Finally, we note that we have repeatedly held that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition. . . . That [Appellant] has attempted to frame his petition as a '[M]otion to [C]orrect [I]llegal [S]entence' does not change the applicability of the PCRA." ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (internal citations and quotations omitted). Therefore, the PCRA court did not err in treating the underlying "motion" as a PCRA petition.

Next, we must establish the timeliness of the PCRA petition. Appellant is aware that the instant petition is untimely.[2] However, he claims that the legality of the sentence issue is not waivable and can be addressed at any

_____

[2] Appellant's Motion to Correct Illegal Sentence Nunc pro Tunc, 2/14/22, at 8 ("Petitioner recognizes that this petition may be untimely[.]"). Additionally, we note that Appellant's judgment became final on October 9, 2012. ***See Henderson v. Pennsylvania***, 133 S. Ct. 435 (U.S. 2012); ***see also Commonwealth v. Henderson***, No. 1177 WDA 2014 (Pa. Super. filed April 19, 2016); ***Commonwealth v. Henderson***, No. 318 WDA 2015 (Pa. Super. filed April 20, 2016). Appellant had one year, or until October 9, 2013, to file a timely PCRA petition. The instant petition, which was filed on February 14, 2022, is therefore facially untimely.

time. We disagree. "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.3d. 214, 223 (Pa. 1999). A review of the petition reveals that Appellant failed to address the timeliness of his petition. Accordingly, the instant petition being facially untimely, and Appellant having failed to plead and prove the applicability of any exception to the PCRA's time restrictions, we conclude that the underlying PCRA petition is untimely. Because we do not have jurisdiction to review the merits of an untimely PCRA petition, we affirm the order of the PCRA court. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) ("If a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted).

Order affirmed.


Judgment Entered.


Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2023

- 5 -