J-S06040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                        :          PENNSYLVANIA
                                          :
           v.                                     :
                                          :
                                          :
CLAY CALDWELL                          :
                                          :
           Appellant                :     No. 1900 EDA 2023

Appeal from the PCRA Order Entered June 15, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0202251-2000

BEFORE:  DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED APRIL 12, 2024**

Clay Caldwell ("Caldwell") appeals *pro se* from the denial of his serial petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

In August 1999, Caldwell assaulted a former girlfriend, and in January 2000, he violated a protection from abuse ("PFA") order by entering her home and murdering her in advance of her testimony at his forthcoming trial for assaulting her.  In December 2000, Caldwell entered a negotiated plea to first-degree murder, and in exchange the Commonwealth withdrew several other charges and agreed not to seek the death penalty.  Caldwell did not file a direct appeal.

Caldwell filed a *pro se* PCRA  petition in June 2001, alleging plea counsel rendered ineffective assistance concerning the plea.  The trial court appointed

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

PCRA counsel for Caldwell, who subsequently filed a "no-merit" letter and a petition for permission to withdraw pursuant to **Commonwealth v. Turner**, 544 A.3d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.3d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed the petition and granted PCRA counsel permission to withdraw. This Court dismissed Caldwell's appeal for failure to file a docketing statement.

In February 2006, Caldwell filed a *pro se* second PCRA petition, asserting the ineffectiveness of plea counsel and PCRA counsel. The PCRA court dismissed the petition as untimely, and this Court affirmed. **See Commonwealth v. Caldwell**, No. 1705 EDA 2006 (Pa. Super. 2007) (unpublished memorandum). This Court subsequently affirmed the dismissal of Caldwell's third and fourth *pro se* PCRA petitions. **See Commonwealth v. Caldwell**, No. 3603 EDA 2014 (Pa. Super. 2015) (unpublished memorandum).

In October 2021, Caldwell filed a *pro se* application for relief in the Commonwealth Court, challenging the constitutionality of the 1974 statute stating that life imprisonment for first-degree murder is to be served without parole. The Commonwealth Court transferred the case to the Philadelphia Court of Common Pleas. Caldwell filed a *pro se* brief in support of what had become his fifth PCRA petition, asserting the constitutional challenge to the 1974 statute and a **Miranda** violation, but making no mention of the timeliness of his petition. **See** Caldwell's Brief Memorandum of Law in Support

of his PCRA after Remand, 7/18/22, at 3-19. In April 2023, the PCRA court issued a notice of intent to dismiss Caldwell's petition pursuant to Pa.R.Crim.P. 907. Caldwell timely responded *pro se* to the Rule 907 notice, alleging, without proof, the application of three subsections of 42 Pa.C.S.A. § 9543(a)(2), which addresses eligibility for relief under the PCRA. **See** Petitioner's Responsive Reply, 5/8/23, at 1. Caldwell also filed a *pro se* motion to correct the defects in his petition, again referring to 42 Pa.C.S.A. §9543, not 42 Pa.C.S.A. §9545(b)(1)(i)-(iii) which states exceptions that permit the review of untimely PCRA petitions. **See** Motion for Leave of Court to File Amendments, 5/8/23, at 1.[2] In June 2023, the PCRA court dismissed Caldwell's petition as untimely. Later that month, **after the dismissal of his petition**, Caldwell filed a *pro se* supplemental amended petition, asserting, **inter alia**: (1) trial counsel was ineffective for not "having [Caldwell] present when being accused of killing the victim by false testimony of the arresting officer," **see** Petitioner's Supplemental Amended Petition, 6/22/23, at 2, (2) the time-bar did not apply to his application for relief, **see id**. at 5, and (3) the 1974 statutory change constituted a violation of the constitution which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, **see id**. at 7.

---

[2] Caldwell also filed a discovery motion based on newly-discovered evidence in May 2023, and a letter in June 2023, requesting an extension of time to assert exceptions to the jurisdictional time bar.

Caldwell filed a *pro se* timely notice of appeal. The PCRA court did not order him to file a Rule 1925(b) statement, and he did not do so. The PCRA court filed a Rule 1925(a) opinion.

On appeal, Caldwell raises four issues for our review:

> 1. Whether the lower court gave [Caldwell] the proper notice of the "lower courts", "Changes to the form", from [Caldwell's] "Application for Relief" -to- the present . . . PCRA pet[ition] after the transfer . . by the Commonwealth Court . . . ?
>
> 2. Whether the lower court denied [Caldwell] due process in not addressing his motion for leave of court to make the necessary amendments freely pursuant to . . . Rule 905(A)(B) and Pa.R.Crim.P. . . . 109[?]
>
> 3. Did [the] lower court deny/dismiss [Caldwell's] due process right after the transfer to its jurisdiction . . . [in that] no hearing was held on that in . . . the presence of [Caldwell] . . . [?]
>
> 4. Did the lower court err[] in dismissing [Caldwell's] exception to [Rule] 907 and 42 Pa.[C.S.A.] § 9545(b)(i-iii), when shown under 42 Pa.[C.S.A.] § 9543(a)(2)(vii) [i]llegal sentence, which is also an exception under § 9545(b), cognizable under the provisions[?]

Caldwell's Brief at 4 (issues reordered, and unnecessary capitalization corrected).

Before this Court can consider the merits of any of Caldwell's claims, we must first assess whether we have jurisdiction to review them. Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the

- 4 -

record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition including a second or subsequent petition shall be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. **See** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Caldwell's judgment of sentence became final on July 22, 2001, when he did not file an appeal to this Court. **See** 42 Pa.C.S.A. § 9545(b)(3), Pa.R.A.P. 903(a) (providing that an appellant has thirty days after an order becomes final to file a timely direct appeal). Caldwell had until July 22, 2002, to file the instant petition but did not file it until 2021. Thus, Caldwell's petition is facially untimely, precluding review of the merits of the issues raised in the

petition unless Caldwell proves a time-bar exception. ***See Albrecht***, 994 A.2d at 1093.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Where the petition is untimely, the petitioner bears the burden to plead in the petition and prove one of the exceptions applies. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (requiring a PCRA petition allege, and the petitioner prove, the application of a time bar exception); ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999) (same).

When a court issues a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss a PCRA petition without a hearing, a petitioner may respond to the

proposed dismissal within twenty days. "The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue." Pa.R.Crim.P. 907(1).

Caldwell's first two issues assert he lacked proper notice the PCRA court was reviewing his petition as a PCRA petition, and he did not have the opportunity to amend his petition to correct its defects concerning time-bar exceptions. *See* Caldwell's Brief at 4.

The PCRA court found Caldwell's petition failed to acknowledge or address the time bar, thereby failing to meet his obligation to plead and offer to prove a time-bar exception. The court thus found it did not have jurisdiction to consider Caldwell's petition and dismissed it. *See* Rule 907 Notice, 4/28/23; PCRA Court Order, 6/15/23; PCRA Court Opinion, 6/15/23, at unnumbered 2.

The trial court properly concluded Caldwell failed to file a timely PCRA petition or plead and demonstrate the application of a time-bar exception. Caldwell's fifth PCRA petition was clearly untimely, and his general references to the PCRA eligibility requirements of 42 Pa.C.S.A. § 9543, addressing eligibility for PCRA relief, did not assert, much less demonstrate, the applicability of the time bar exceptions of 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Caldwell's appellate assertions that he did not have proper notice that his petition was being treated as a PCRA petition following transfer from the Commonwealth Court, and the PCRA court violated his due process rights by

failing to grant him leave to amend his petition fail. Caldwell clearly knew that he was litigating a PCRA petition because in July 2022, he filed a "Brief Memorandum of Law in Support of his PCRA after Remand." Thus, Caldwell had nearly one year to assert a time-bar exception before the court dismissed his PCRA petition. Additionally, Rule 907 permits a court to dismiss a petition and does not require it to permit amendment of the petition. *See* Pa.R.Crim.P. 907(1). Here, where Caldwell's pre-dismissal filings did not assert a time-bar exception, much less attempt to prove one, the PCRA court did not err by dismissing the petition. *See* 42 Pa.C.S.A. § 9545(b)(1); *Beasley*, 741 A.2d at 1261.

Caldwell's third issue asserts the PCRA court denied him due process by failing to hold a hearing on his petition in his presence. *See* Caldwell's Brief at 4. No hearing is required before the PCRA court dismisses a petition where the petitioner fails to meet the jurisdictional requirements of the PCRA by pleading and proving a time-bar exception. *See Commonwealth v. Hudson*, 156 A.3d 1194, 1200 (Pa. Super. 2017); *Commonwealth v. Burton*, 936 A.2d 521, 427 (Pa. Super. 2007).

Caldwell's final issue asserts he pled a time-bar exception because he received an illegal sentence. *See* Caldwell's Brief at 4. Although challenges to the legality of sentence cannot be waived, they must be asserted in a timely petition to be reviewable. *See Commonwealth v. Hromek*, 232 A.3d 881,

884 (Pa. 2020). There is thus no merit to Caldwell's claim that his assertion of an illegal sentence rendered his untimely petition reviewable.[3]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/12/2024

---

[3] For the first time on appeal, Caldwell claims he has after-discovered evidence, pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vi), in the form of a newspaper article about a police detective who allegedly gave false testimony against him. *See* Caldwell's Brief at 9-13. Apart from the fact this claim and all other claims first raised on appeal are unreviewable, *see* Pa.R.A.P. 302(a), this claim does not assert a 42 Pa.C.S.A. §9545(b)(ii) time-bar exception, and does not assert facts Caldwell could not have known of the allegedly false testimony with the exercise of due diligence nearly twenty-five years ago. *See* Pa.C.S.A. 9545(b)(2).

Caldwell's additional assertions of ineffective assistance of counsel, *see* Caldwell's Brief at 14-19; a *Miranda* violation, *see* Caldwell's Brief at 24-27; and the unconstitutionality of the 1974 statute addressing life imprisonment without parole, *see* Caldwell's Brief at 29-32, are all first raised on appeal and do not constitute time-bar exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); 42 Pa.C.S.A. § 9545(b)(1)(iii); *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023).