J-A15028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONDRE M. CHISOM | : | |
| | : | |
| Appellant | : | No. 1499 MDA 2023 |

Appeal from the PCRA Order Entered February 1, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005714-2015

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                                    **FILED JULY 03, 2024**

Dondre M. Chisom ("Chisom") appeals pro se from the order entered by the Dauphin County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because the petition is untimely and Chisom failed to establish an exception to the statutory time-bar, we affirm.

The record reflects that on July 2, 2015, Chisom shot and killed Christopher Williams ("Williams") after Williams allegedly cut to the front of a convenience store checkout line. On June 19, 2017, Chisom entered into a negotiated guilty plea to third-degree murder and possession of a firearm

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

prohibited in exchange for an agreed-upon sentence of twenty-five to fifty years in prison and $75,000 in fines.  The same day, the trial court accepted the plea and imposed the agreed-upon sentence.  Chisom did not file any post-sentence motions or a direct appeal.

On December 22, 2017, Chisom filed his first PCRA petition.  The PCRA court dismissed the petition without a hearing.  Chisom appealed and this Court affirmed.  ***See Commonwealth v. Chisom***, 915 MDA 2020 (Pa. Super. filed Feb. 22, 2021) (non-precedential decision).

On January 5, 2022, Chisom filed pro se a post-sentence motion nunc pro tunc, arguing that his sentence is illegal, his plea counsel was ineffective, he was not competent to plead guilty, and the convictions were a miscarriage of justice.  The PCRA court treated this motion as Chisom's second PCRA petition, and, thereafter, issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907.  Chisom filed an objection.  Thereafter, the PCRA court dismissed the petition.

Chisom filed a timely notice of appeal.  This Court dismissed the appeal, however, based upon Chisom's failure to file a brief.  ***See Commonwealth v. Chisom***, 412 MDA 2022 (Pa. Super. filed Sept. 12, 2022) (per curiam Order).

Chisom filed the PCRA petition underlying this appeal—his third—on September 25, 2023, seeking reinstatement of his appellate rights related to the dismissal of his second PCRA petition.  On September 26, 2023, the PCRA

Court granted the petition and reinstated Chisom's right to file an appeal nunc pro tunc.

The appeal is now before us for review. Chisom presents the following claims:

1. Imposition of a sentence is unlawful: Did the PCRA [c]ourt err when it dismissed the [p]ost [s]entence [m]otion turned into a PCRA [p]etition when it deemed that the imposed sentence pursuant to the guilty plea was not the product of a manifestly illegal sentence, thus violating [] Chisom's rights under the Fourteenth Amendment's Due Process and Equal Protection Clause?

2. Failure by the [c]ourt to establish competency of [] Chisom prior to acceptance of guilty plea. Miscarriage of [j]ustice occurred when trial [c]ourt failed to conduct a [c]ompetency [h]earing in light of known head trauma. Moreover, PCRA erred when it dismissed the second PCRA [p]etition finding that such is not a [m]iscarriage of [j]ustice?

3. Did the trial Court err when it dismissed the second PCRA [p]etition when it is clear that in both proceedings a [m]iscarriage of [j]ustice occurred, thus violating [] Chisom's rights under both the Sixth and Fourteenth Amendments?

Chisom's Brief at 3 (unpaginated).

Before we address the merits of Chisom's claims, we must first determine whether the PCRA court properly treated his post-sentence motion nunc pro tunc as a PCRA petition. It is well settled that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue is cognizable under the PCRA. **Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa. Super. 2022); **see also** 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief …

encompass[ing] all other common law and statutory remedies for the same purpose that exist"); ***Commonwealth v. Torres***, 223 A.3d 715, 716 (Pa. Super. 2019) (stating that "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition").

Here, Chisom claims that his sentence is illegal, his plea counsel was ineffective, he was incompetent to plead guilty, and the convictions were a miscarriage of justice, all of which are claims cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2) (noting that a claim is cognizable under the PCRA if it contests the petitioner's conviction, sentence, or the effectiveness of counsel during the plea process, sentencing, or appeal); ***see also Commonwealth v. Turner***, 80 A.3d 754, 767 (Pa. 2013) (claims of ineffective assistance of counsel are cognizable under the PCRA); ***Commonwealth v. Hromek***, 232 A.3d 881, 884 (Pa. Super. 2020) (construing claims challenging the legality of sentence as subject to review within PCRA).

As the PCRA court properly treated Chisom's filing as a PCRA petition, we must now determine whether Chisom's PCRA petition was timely filed or, alternatively, satisfies an exception to the statutory time bar. ***See Fantauzzi***, 275 A.3d at 994 (noting "the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary."

*Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Chisom's judgment of sentence became final on July 19, 2017, after the time to file a direct appeal expired. *Id.* § 9545(b)(3) (stating that the judgment of sentence becomes final "at the conclusion of direct review ... or at the expiration of time for seeking the review"). Chisom had until July 19,

2018, to file a timely PCRA petition. Therefore, the instant PCRA petition, filed on January 10, 2022, is facially untimely.

Additionally, Chisom failed to establish or prove any exceptions to the jurisdictional time bar. In fact, Chisom fails to even invoke any of the exceptions. *Id.* § 9545(b)(1). Notably, even claims sounding in the legality of Chisom's sentence and miscarriage of justice are still subject to the PCRA's jurisdictional requirements. *See Hromek*, 232 A.3d at 884 (noting that although a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto); *Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa. Super. 2007) ("[T]here is no 'miscarriage of justice' standard exception to the time requirements of the PCRA."). As Chisom failed to plead or prove any exceptions to the PCRA's time-bar, the PCRA court did not have jurisdiction to entertain Chisom's PCRA petition on the merits, and we likewise lack jurisdiction to consider the claims raised on appeal. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted). We therefore affirm the PCRA court's dismissal of Chisom's second PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/03/2024